## Sheetz *et al. versus* Hanbest's Executors.

1. On the distribution of proceeds of a sheriff's sale a judgment can be attacked by other creditors collaterally only on the ground of collusion.

2. Creditors may show any matter arising subsequently to the judgment which the defendant could show in a scire facias or action of debt.

3. Real estate of a defendant in a judgment was sold at sheriff's sale; a feigned issue was framed in the distribution of the proceeds, creditors being plaintiffs and the judgment plaintiff defendant; he died before trial and his executors were substituted as defendants. *Held* that the defendant in the judgment was a competent witness for plaintiffs in the issue.

4. The Act of April 15th 1869 is an enlarging statute; it rendered no person incompetent as a witness who was competent before its passage.

5. The defendant in the execution having no interest in the question in the issue, the death of the plaintiff had no effect upon it.

6. Clark *v.* Douglass, 12 P. F. Smith 408 ; Ferree *v.* Thompson, 2 P. F. Smith 353 ; Thompson's Appeal, 7 P. F. Smith 175, followed.

February 14th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia:* Of July Term, 1874, No. 8.

This was a feigned issue, framed December 6th 1867, in which Peter Sheetz and others, creditors of John D. Lentz, were the plaintiffs, and Thomas P. Hanbest the defendant; on the 19th of August 1873, the death of the defendant was suggested and Isaac Norris and Philip Hanbest, his executors, were substituted.

The case was tried December 30th 1873, before Briggs, J., when the following circumstances appeared :—

On the 29th day of July 1861, judgment was entered in the

District Court in favor of Hanbest against John D. Lentz; the judgment was afterwards revived by scire facias. The defendant's real estate was subsequently sold by the sheriff under a prior lien, the proceeds brought into court and an auditor appointed to report distribution. Some of the creditors appeared before the auditor and contested the validity of Hanbest's judgment: he demanded an issue which was awarded by the court: the questions of fact in the issue were,

1. The judgment under which the plaintiff claimed was obtained by fraud.

2. No such sum was due at the time of the entry of the judgment in favor of the plaintiff, as stated in the note.

3. The note on which the said judgment is entered was signed by John D. Lentz in blank, when no sum or amount was stated in said judgment note.

On the trial the plaintiffs called John D. Lentz as a witness. He was objected to by the defendants as incompetent, Hanbest being dead. The court rejected the offer and filed a bill of exceptions; plaintiff offered no other evidence, and a nonsuit was directed.

The plaintiff took a writ of error and assigned for error, the rejection of Lentz as a witness and directing a nonsuit.

*A. Thompson* and *W. S. Price*, for plaintiff in error.—The defendant in an execution was always a competent witness in a contest between judgment creditors over a distribution of the proceeds of a sheriff's sale of his property: Smith *v.* Wagenseller, 9 Harris 591; Galway's Appeal, 10 Casey 242. When there is an issue between a prior and subsequent judgment-creditor of the same debtor to try whether the bond upon which the prior judgment was entered was executed by the debtor under a false representation as to the amount of the bond, the debtor is a competent witness for the creditors contesting the bond: Ferree *v.* Thompson, 2 P. F. Smith 353.

The Act of April 15th 1869, Pamph. L. 30, 1 Br. Purd. 624, pl. 1, is an enabling statute, and does not apply to a witness competent before its passage: McFerren *v.* Mont Alto Iron Co., 26 P. F. Smith 181.

*F. C. Brewster* (with whom was *A. V. Parsons*), for defendants in error.—The witness was not competent because Hanbest was dead: Graves *v.* Griffin, 7 Harris 176; Card *v.* Card, 39 N. Y. 317; Breneman's Estate, 15 P. F. Smith 298; Karns *v.* Tanner, 16 Id. 297; Allum *v.* Carroll, 17 Id. 68; Eilbert *v.* Finkbeiner, 18 Id. 243; Gyger's Appeal, 24 Id. 42; McFerren *v.* Iron Co., 26 Id. 187; Hanna *v.* Wray, 27 Id. 27; Taylor *v.* Kelley, 30 Id. 98. The creditors cannot avail themselves of any allegation of a fraud practised upon Lentz. Nothing but fraud against creditors

[Sheetz *v.* Hanbest's Executors.]

would avail: Dougherty's Estate, 9 W. & S. 189; Lewis *v.* Rogers, 4 Harris 18; Thompson's Appeal, 7 P. F. Smith 175. .

Mr. Justice SHARSWOOD delivered the opinion of the court, March 2d 1876.

If there is any point which may be regarded as settled in this state, it is that, upon the distribution of the proceeds of a sheriff's sale a subsisting judgment can only be attacked by other creditors collaterally on the ground of collusion: Dougherty's Estate, 9 W. & S. 189; Lewis *v.* Rogers, 4 Harris 18; Thompson's Appeal, 7 P. F. Smith 175; Clark *v.* Douglass, 12 P. F. Smith 408.

They may show indeed any matter of defence arising subsequent to the judgment, which the defendant himself could do in an action of debt or scire facias upon it. The jury below were empannelled to try three issues, which had been ordered by the court. Neither the learned judge before whom the issues were tried, nor this court upon a writ of error to the judgment, have any right to modify them, or consider what they ought to have been. They may indeed construe them, as was done in Clark *v.* Douglass, *supra.* The first of these issues might perhaps be construed so as to present the question, whether the judgment under which the plaintiff claimed, was obtained by fraud on creditors, but the other two issues were distinct, that the sum for which the judgment was entered was not due, and that the note was signed by Lentz in blank. What bearing the decision of these issues would have upon the distribution was not for the judge below nor for us.

Whatever these issues were, we think it very clear that Lentz was a competent witness. It was so held in Ferree *v.* Thompson, 2 P. F. Smith 353, when the issue was expressly as to a fraud upon the debtor, and not upon creditors, and which in the subsequent case of Thompson's Appeal was held by this court to be entirely without any effect upon the distribution. Whether, where an insolvent man gives his creditor a blank note or judgment, which the creditor afterwards fills up with a much larger amount than that which is justly due, such an act is not evidence of collusion to defraud creditors, is a question which is not before us upon this record and we express no opinion.

The learned judge below considered that the witness, Lentz was rendered imcompetent, under the provisions of the Act of April 5th 1869, Pamph. L. 30, entitled "An act allowing parties in interest to be witnesses." We think that this was an error. That act was intended as an enlarging statute. No person competent before the passage of the act was rendered thereafter incompetent, either by the words or the spirit of the law. Regarding the issue below as an action by executors, the statute declares that it shall not apply in such an action, in other words, that the question of competency or incompetency of witnesses shall remain as if the statute had not been enacted.

[Sheetz *v.* Hanbest's Executors.]

This was an issue between creditors, to which Lentz was no party, and whatever interest he might have in the question, he could neither gain or lose by the verdict, nor would it be given in evidence in any subsequent proceedings, for or against him. The death of Hanbest could have no effect upon the question.

Judgment reversed, and *venire facias de novo* awarded.