[S. F. No. 5150.   Department One.—September 22, 1909.]

F. I. MATTHEWS, Appellant, v. TOWN OF LIVERMORE
et al., Respondents.

MUNICIPAL CORPORATION ACT—CONSTRUCTION OF SEWER COSTING MORE
THAN ONE HUNDRED DOLLARS—CITY OF SIXTH CLASS.—Section
862 of the Municipal Corporation Act of 1883, as amended in 1903
(Stats. 1903, p. 93), relating to the powers of cities of the sixth
class to construct, establish, and maintain drains and sewers, and
section 874, as amended in 1897 (Stats. 1897, p. 89), providing
that "in the erection, improvement, and repair of all public build-
ings and works, in all street and sewer work . . . and in fur-
nishing any supplies or materials for the same, when the expenditure
required for the same exceeds the sum of one hundred dollars,
the same shall be done by contract, and shall be let to the lowest
responsible bidder," are parts of one act relating to a particular
subject, and are to be construed together and harmonized so far
as possible.

ID.—NECESSITY OF CONTRACT FOR WORK TO LOWEST BIDDER—INJUNC-
TION BY TAXPAYER.—So construed, the general power to construct
sewers given by section 862 is limited and modified, with regard to
sewers costing more than one hundred dollars, by the specific
provisions of section 874, requiring public work of that magni-
tude to be done by contract let to the lowest bidder, and the
board of trustees of a city of the sixth class, in proceeding to
construct a general sewer system costing many thousands of dollars
by the direct employment of labor and purchase of materials,
without letting the same to the lowest bidder, is acting in excess
of its powers, and will be enjoined at the instance of a taxpayer.

ID.—CITY BOND ACT OF 1901—CONSTRUCTION OF AMENDMENT OF 1907.
—The amendment of 1907 to the City Bond Act of 1901 (Stats.
1901, p. 27, Stats. 1907, p. 609), providing that nothing therein
contained "shall be construed as prohibiting the municipality itself
from constructing or completing such works or improvements, and
employing the necessary labor therefor," does not authorize the
construction of such a sewer system without letting the same to
the lowest bidder. That provision was intended merely to preserve
the power given to municipal corporations by various sections of
the Municipal Corporation Act to construct various public works
of small cost without contract or the taking of bids.

APPEAL from a judgment of the Superior Court of
Alameda County.   Wm. H. Waste, Judge.

The facts are stated in the opinion of the court.

Reed, Black & Reed, and E. Nusbaumer, for Appellant.

H. A. Mason, and W. H. Donahue, for Respondents.

SHAW, J.—The plaintiff appeals from a judgment entered against him by the court below upon sustaining a demurrer to the complaint.

The object of the plaintiff's action is to enjoin the town of Livermore, and the other defendants as its trustees, from proceeding to construct a system of sewers for said town, by the direct employment of labor and purchase of material, instead of having it done by contract let to the lowest bidder, as the plaintiff claims they should in order to comply with the law and act within their powers.   It appears that the cost of the sewer system would exceed one hundred dollars. Livermore is a city of the sixth class.   Plaintiff was a taxpayer and sues in that capacity.   The court below was of the opinion that a city of the sixth class has power, under statutes in existence, to build sewers costing more than one hundred dollars, without letting the work by contract, and gave judgment refusing the injunction.

The act of 1883 (Stats. 1883, p. 93), provides for the organization, incorporation, and government of municipal corporations.   Section 862 of that act, relating to powers of cities of the sixth class, as amended in 1903, declares that "The board of trustees of such city shall have power: . . . 5. To construct, establish and maintain drains and sewers. . . . 17. To do and perform all other acts and things necessary or proper to carry out the provisions of this act."   (Stats. 1903, p. 93.)

Section 874, as amended in 1897, provides that "in the erection, improvement, and repair of all public buildings and works, in all street and sewer work, . . . and in furnishing any supplies or materials for the same, when the expenditure required for the same exceeds the sum of one hundred dollars, the same shall be done by contract, and shall be let to the lowest responsible bidder, after notice by publication in a newspaper of general circulation printed and published in such city or town, for at least two weeks."   (Stats. 1897, p. 89.)

These sections are parts of one act relating to a particular subject and they are to be construed together and harmonized

so far as possible. So construed, it cannot be denied that the general power to construct sewers given by section 862 is limited and modified, with regard to sewers costing more than one hundred dollars, by the specific provisions of section 874 requiring public works of that magnitude to be done by contractors upon contract let to them after due advertisement and an opportunity for competing bids. Unless there is some other or later statute enlarging their powers, or modifying these provisions, the board of trustees were attempting to exceed their powers and their action should have been enjoined as prayed for.

The respondents claim that authority for the construction of the sewer system in the mode proposed is found in the amendment of 1907 to section 9 of the City Bond Act of 1901. (Stats. 1901, p. 27; Stats. 1907, p. 609.) The material parts of the amended section are as follows:—

"All contracts for the construction or completion of any public work or improvement or for furnishing labor or materials therefor, as herein provided, shall be let to the lowest responsible bidder. (Then follow provisions requiring advertising for sealed bids and bonds from the contractor.) *Provided, however,* that nothing herein contained shall be construed as prohibiting the municipality itself from constructing or completing such works or improvements, and employing the necessary labor therefor."

The amendment of 1907 consisted of the addition of the proviso. The theory of the respondents is that the purpose and intention of the legislature, in enacting the proviso, was to enable cities constructing public works with money obtained by the sale of bonds issued under this act, to do it by direct purchase of materials and direct employment of workmen, without letting contracts therefor after competitive bidding. The complaint alleged that the city had issued bonds in the sum of thirty-five thousand dollars for the purpose of constructing a sewer system.

We think the proviso fails to express such intent or purpose. Its language is entirely negative in effect. It does not purport to confer power, or remove restrictions formerly imposed by other laws. It merely declares how the previous restriction in that section shall be understood and construed. The Municipal Corporation Act contained provisions, couched

in general terms, giving power to cities of the third, fourth, fifth, and sixth classes to construct various public works in any way they saw fit. By section 874, above quoted, and by sections 536, 628, and 777, these cities were required to do such work by contract let to the lowest bidder after advertisement for bids duly made, except in the case of works of small extent; in cities of the third and fourth classes where the cost did not exceed five hundred dollars, in the fifth and sixth classes where it did not exceed one hundred dollars. In the excepted cases they could proceed in any manner, with or without contracts or the taking of bids. The proviso to section 9 of the Bond Act was obviously inserted to preserve this power as to the works of small cost, a power which the opening clause of that section, by reason of its general terms, seemed to take away, and to prevent the section from being given an effect which it was plain was not within the scope or purpose of the Bond Act. Its main purpose was to enable cities to borrow money for the construction of public works of large cost for which the ordinary revenue would be insufficient. It is scarcely conceivable that cities of the classes mentioned would be under the necessity of borrowing money to build works costing less than five hundred dollars, or one hundred, as the case might be. The framers of the Bond Act had no such insignificant enterprises in mind when it was first enacted, and the failure to except them was obviously an inadvertence. By the time the amendment of 1907 came up for consideration, doubtless the seeming inconsistency between the Bond Act and the Municipal Corporation Act, in that regard, had been discovered, and the proviso was inserted to remove all doubt as to the effect of the Bond Act upon such small public works. This sufficiently explains the proviso and accounts for its negative terms. It has no affirmative force as a grant of power.

There is therefore no support for the respondents' position. The Municipal Corporation Act clearly forbids the city to construct public works costing over one hundred dollars, except by letting the work out to contract. The opening clause of section 9 is more prohibitive, and forbids any work, small as well as large, except by contract duly let to bidders. The proviso added in 1907 may prevent this from taking away the power to build small works by day's labor, reserved by

the Municipal Corporation Act, but it has no affirmative effect to give the larger power here claimed.

It follows that the court below erred in holding that cities of the sixth class have power to build a general sewer system costing thousands of dollars, without letting the same to the lowest bidder as the law prescribes. The complaint, although not as specific as it should be in some respects concerning which the respondent does not here criticise it, states a cause of action for an injunction and the demurrer should have been overruled.

The judgment is reversed.

Angellotti, J., and Sloss, J., concurred.