West *v.* Lysle et al., Appellants.

Argued November 25, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Harry M. Jones,* for appellants.—A municipality has the implied power to do that which is necessary for it as a public corporation to do: Phila. v. Rys. Co., 143 Pa. 444; Pittsburgh v. Daly, 5 Pa. Superior Ct. 528; Williamsport v. Bair & Shenk, 84 Pa. 487; Schenley v. Pittsburgh, 36 Pa. 29.

Where a municipality desires to have the services of a certain person, such as architects, experts, engineers, etc., it may hire them without advertising for bids for the reason that there can be no harm done to the taxpayers, and a municipal body should have that discretion: Hibbs v. Arensberg, 276 Pa. 24.

Not only did the legislature not prohibit cities and their legally authorized departments, officers and employees from doing work; if it did, such prohibition would be unconstitutional: Com. v. Casey, 231 Pa. 170; Frazer v. Wakefield, 13 Md. 279.

*Edward J. McGinness,* for appellee.—The city had the power to repair only in accordance with the act: Am. Aniline Prod. v. Lock Haven, 288 Pa. 418; Whelen's App., 108 Pa. 162; Lynn v. Lynn, 256 Pa. 563; Harris v. Phila., 283 Pa. 496.

The statutory law requiring important municipal work to be completed by contract, after competitive bidding, is of long standing in this State: Harris v. Phila., 299 Pa. 473.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1931:

On this appeal, the executive officers and councilmen of the City of McKeesport ask us to reverse a final decree of the court below, enjoining them "from repairing and repaving the streets and highways in the City of McKeesport, unless contracts are awarded after due advertisement in the manner provided by article IV, section 5 of the Act of Assembly of 1913, P. L. 568, as amended by the Act of 1919, P. L. 310. The said municipality shall have the right to make ordinary repairs to said streets and highways without advertisement or without letting to the lowest responsible bidder as provided by law." The appeal was taken August 11, 1930, but the final decree was not entered until November 13, 1930, hence the appeal must be quashed; but since this, without more, would only result in the taking of another appeal, which might not be decided in time to have the situation carefully considered by the legislature about to convene, we have decided to set forth our reasons for agreeing with the conclusion reached by the court below.

The City of McKeesport is a city of the third class, and the controlling statute is the Act of May 1, 1929, P. L. 1200, amending section 6 of the Act of May 27, 1919, P. L. 310, 313, which in turn amended article IV, section 5 of the Third Class City Act of June 27, 1913, P. L. 568, 576. The Act of 1929 was not considered by the court below, probably because it was passed after the adjudication was filed; but its effect should be stated by us, since, without this, the legislature will not be in possession of all the facts needed by it in order to act intelligently. It provides as follows: "All stationery, paper, fuel, supplies, materials, printing and advertising, and all work required by the city or any department thereof, except the ordinary repairs of highways, sewers and other public improvements, where the amount thereof exceeds five hundred dollars, shall be furnished and performed under contract to be given the lowest responsible bidder. The council shall by ordinance provide for

and regulate the award of all contracts,......the purchase of supplies and materials, and the sale of personal property. The council may also by ordinance provide a contingent fund or funds for necessary repairs and incidental expenses, not otherwise provided for in the general appropriations, and such funds may be expended without advertising for bids."

It will be noticed that the natural interpretation of this statute, if it should be construed without reference to preceding legislation on the subject, would be that in "the ordinary repairs of highways, sewers and other public improvements" the city is not required to have the work "given [to] the lowest responsible bidder," if the "amount thereof exceeds five hundred dollars," but is so required if the amount is less than that sum; that is, for the more extensive repairs no competitive bidding is needed, but it is where the repairs are relatively trivial. It is highly improbable that this was intended, and we are satisfied the statute need not be so construed, when it is read in connection with the Acts of 1913 and 1919, supra, to which it is an amendment, as it must be in order to give effect to the primary rule in construing such acts, of determining their meaning by a consideration of the old law and the mischief sought to be remedied by the amendment: Kates's Est., 282 Pa. 417.

By the Act of 1913, "ordinary repairs of highways and sewers and other public improvements," were wholly excluded from the requirement of competitive bidding, but all other "work and materials," irrespective of the extent thereof, was required to "be performed under contract, to be given to the lowest responsible bidder." In the Act of 1919, the words "except the ordinary repairs of highways, sewers and other public improvements," are enclosed in parentheses, and the words "where the amount thereof exceeds two hundred and fifty dollars" are added immediately therafter. The effect of this was that "the ordinary repairs of highways, sewers and other public improvements," irrespective of the extent thereof,

could still be done by the city herself without competitive bidding, and that, as respects other work and materials, such bidding was required only where "the amount thereof exceeds two hundred and fifty dollars." This was, of course, an enlargement of the powers of the municipality. In the Act of 1929, the parenthetical clause is set apart by commas only, and the $250 is increased to $500, but no other change is made. This is an enlarging and not a disabling statute, and hence cannot be construed to have the effect of reducing the powers of the city: Sheetz v. Hanbest's Exrs., 81 Pa. 100; Conerty v. Butler County Oil Refining Co., 301 Pa. 201. When thus read in conjunction with the previous statutes, it is clear that, by the Act of 1929, cities of the third class, no matter what the cost may be, are not required to have the ordinary repairs of their highways performed under contract given to the lowest responsible bidder, nor are they as to any other class of work, on the highways or elsewhere, if the combined cost of the labor and materials does not exceed the sum of $500; but if the cost of such other class of work exceeds that sum, then it can only be legally "performed under [a] contract to be given [to] the lowest responsible bidder."

The court below granted the injunction because the City of McKeesport had done and was doing a large amount of work on the several streets named in its opinion, which was not ordinary repairs at all, but was reconstruction or extraordinary repairs, at an expense, as to each street, far in excess of the $500 allowed by the statute, and claimed the right to continue so doing. The evidence in the case is not printed and we must, therefore, assume that these findings are correct. Indeed, appellants do not controvert them, but contend that the proper construction of the Act of 1929 is that the city is only required to advertise for the materials to be used in doing the work, and that, if she does this, she may do any amount of work on the street irrespective of the cost of its performance. We cannot agree with this con-

tention. To do so, would make the words "all work required" mere surplusage, for the preceding clause of the statute provides for the obtaining of all "supplies [and] materials," and hence the words "all work required" would be but repetition, unless they referred to something else than "supplies [and] materials." Such a construction is never permissible unless no other is reasonably possible: Orth & Bro. v. Board of Education, 272 Pa. 411; McFadden v. Lineweaver & Co., 297 Pa. 278. Moreover, the words "shall be furnished and performed," in their ordinary and general sense can only mean materials to be furnished and work to be performed, each of which is alike required to "be furnished and performed under contract to be given the lowest responsible bidder," and, there being nothing to control that ordinary meaning, they must be so construed: Com. v. Wark Co., 301 Pa. 150.

Though having no bearing on the decision of the case, it is a pleasure to record the findings of the court below that the kind and character of work done by the individual appellants "conforms to the standard practice of good engineering used in other cities," and that, in the doing thereof, "the City of McKeesport has sustained no actual loss......in fact, said work has been done economically and efficiently."

The appeal is quashed at the cost of appellants.