## BOECKING v. OKLAHOMA CITY.

No. 23774. Opinion Filed Feb. 21, 1933.

Leo Considine, for plaintiff in error.

W. H. Brown and Harland T. Deupree, for defendant in error.

RILEY, C. J. This is an appeal from a judgment denying plaintiff an injunction in an action wherein plaintiff sought to have the city enjoined from entering into and executing a contract with Makins Sand & Gravel Company for the furnishing of some 275 cubic yards of concrete to the city of Oklahoma City to be used in the construction of a sedimentation basin at a sewage disposal plant owned and operated by the city.

The contention of plaintiff is that the total cost of the erection of the sedimentation basin would exceed the sum of $300. That the contract sought to be enjoined was for only the material or a portion thereof, and that the city proposed to construct the basin by labor employed directly by it, and without advertising and securing bids for the complete or entire job. He contends that to do so would be violative of the provisions of section 4 of art. 9 of the charter of Oklahoma City, which provides:

"All contracts pertaining to public improvements, maintenance of public property * * * and all other contracts upon the part of the city of whatever character involving an outlay of as much as $300, shall be prepared upon specifications approved by the board of commissioners. Such contract shall be entered into only after advertising not less than three times in a daily newspaper published in the city, or in the official publication, if any there be, inviting competitive bids."

It is not contended that the particular contract sought to be enjoined violates this provision of the charter as not having been properly advertised for competitive bids, but that the execution thereof, when taken into consideration with the declared intent of the city to construct the basin by the use of the material therein proposed to be contracted for, in connection with and by using labor employed by the city, does violate the city charter.

The only question, then, presented is whether the city may, under the provisions of its charter, construct or erect public improvements or work of the nature here involved, where the total cost thereof exceeds $300, by the use of labor employed directly by the city and without advertising for competitive bids therefor.

Charter and statutory provisions of this and similar nature are generally upheld. But a clear distinction is made between provisions which require all public work of such nature, exceeding in some cases a certain amount in costs, and provisions which require only that all contracts for such improvements, etc., be advertised for competitive bids and award accordingly.

Plaintiff cites and relies upon a number of cases, but a careful examination thereof will disclose that nearly all of them are based upon statutes or charter provisions which require all public work, etc., to be advertised. The first case cited is Foxen v. City of Santa Barbara, 166 Cal. 77, 134 P. 1142. There the city charter required the erection of all public buildings and works, involving the expenditure of more than $100, to be let to the lowest bidder.

Mathews v. Town of Livermore, 156 Cal. 294, 104 P. 303, is also cited, but it merely holds that a provision that contracts for public works shall be let to the lowest bidder, and declaring that nothing therein contained shall prohibit the municipality from doing the work, is not an affirmative grant of power so as to relieve the municipality from the provisions of a general statute in the state requiring such work to be done by contract.

West v. Lyle, Mayor, 302 Pa. 147, 153 Atl. 131, construes an act (53 P. Stat. sec. 10965) which requires work for third class cities exceeding $500, in combined costs of labor and material and not being ordinary highway repairs, must be performed under contract given lowest responsible bidder. It was there held that work coming within such statute could not be done by day labor.

Such, in effect, is City of Chicago v. Hanreddy, 211 Ill. 24, 71 N. E. 832.

Defendant cites Perry v. City of Los Angeles, 157 Cal. 146, 106 P. 410. The charter of that city provided: "All contracts for construction of public work or improvements or for furnishing labor and materials therefor, as herein provided, shall be let to the lowest responsible bidder." The charter then prescribes the method of obtaining bids. It was there held that such provision should not be construed as prohibiting the doing of public works by the city itself by day labor. In that case a number of cases above referred to are cited and distinguished.

To the same effect is Home Bldg. & Conveyance Co. v. City of Roanoke, 91 Va. 52, 20 S. E. 895.

In 19 R. C. L. 1069, the rule is stated as follows:

"A statutory provision that all contracts for public improvements shall be let to the lowest bidder does not prevent a municipal corporation from constructing such a work through its own engineers and officers."

It is clear that the cases cited and relied upon by plaintiff are not applicable to the provisions of the charter of Oklahoma City. The cases cited and relied upon by defendant are in point and clearly sustain the judgment of the trial court.

The judgment of the trial court is therefore affirmed.

CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, and BUSBY, JJ., concur. ANDREWS, McNEILL, and WELCH, JJ., absent.