NATIONAL EXPOSITIONS, INC., and
Ken Penn Amusements, Inc.,
Plaintiffs,

v.

Claude DuBOIS, et al., Defendants.

Civ. A. No. 81–2188.

United States District Court,
W.D. Pennsylvania.

Feb. 11, 1983.

K. Lawrence Kemp, New Kensington, Pa., for plaintiffs.

E.J. Strassburger, T.M. Zwilling, Pittsburgh, Pa., for Jebrock.

Stephen Veltri, Pittsburgh, Pa., for Marchant, Leisure Attractions, Inc., Hollingsworth, Morey, Mariner's Landing, Marine Pier Assoc. and Ocean City Amusements.

Sanford M. Aderson, Pittsburgh, Pa., for Salon du Commerce & Amusements Spectaculaires.

Richard Martin, Pittsburgh, Pa., for Charles Edens and Eden Enterprises, Inc.

Stephen W. Graffam, Jerome W. Kiger, Pittsburgh, Pa., for Crowley Maritime Corp.

Michael A. Valenza, Ivan Willie, Philadelphia, Pa., James R. Miller, Pittsburgh, Pa., for Carlos George.

## OPINION

MANSMANN, District Judge.

This matter is before the Court for determination as to the adequacy of service of process alleged to have been made upon four non-resident Defendants named in the present action. Two of these Defendants have challenged the propriety of the procedure by which they were served with the summons and complaint for purposes of giving notice of the commencement of the action. The other two Defendants are silent so far as the record presently shows.

For the reasons set forth below, this Court finds the purported service of process to be insufficient as to each of these four Defendants. Further, the Court exercises its discretion to dismiss the action as to certain of the Defendants and to merely set aside the service made as to the others, thereby retaining the case as to the remaining Defendants and allowing the Plaintiffs opportunity to serve them in accordance with law.

### I.

In this action the Plaintiffs, invoking the Court's diversity jurisdiction, bring their complaint seeking damages associated with losses of various properties and profits alleged to have resulted from Defendants' actions and conduct.

Presently, the Plaintiffs are contending that they have made an effective service of process upon each of the following non-resident Defendants by way of registered and/or first class mailings of the process to their last known addresses, as indicated:

Peter Half ("Half")

and

Gus Panzini ("Panzini")
104–20 Queen Blvd. Apt. 19–Y
Forrest Hills, New York 11375
Fred Hollingsworth ("Hollingsworth")
746 Siesta Drive
Sarasota, Florida 33581
Edens Enterprises, Inc. ("Edens, Inc.")
Route 6
Elizabethton, Tennessee 37643

The Plaintiffs describe their efforts to provide these Defendants with personal service, as follows, noting that each followed "the same course of events":

True and correct copies of the Summons and Complaint were mailed by *certified mail* to their last known addresses by Plaintiffs' counsel. In each case the envelope was returned by the post office with an indication that the item was *unclaimed.* Following this, plaintiffs' counsel mailed true and correct copies of the Summons and Complaint by *regular first-class mail* and documented the same by certificates of mailing. (Emphasis added.)

The Plaintiffs base their contentions as to the "efficacy" of the service of process pro-

vided to these Defendants in this manner upon the provisions of 42 Pa.Cons.Stat. Sec. 5323(a)(3) and Rule 2079(c)(3) of the Pennsylvania Rules of Civil Procedure as applicable pursuant to Federal Rules of Civil Procedure.[1] Conversely, two of the named Defendants, Hollingsworth and Edens, Inc., have presented Motions to Dismiss the action as to them, alleging the insufficiency of this service under Fed.R.Civ.P. 12(b)(5), thereby objecting to the Plaintiffs' failure to comply with the procedural requirements for proper service as set forth in or incorporated by Fed.R.Civ.P. 4. The other Defendants, Half and Panzini, make no response or acknowledgment of this suit.

Under the present facts, as set forth by the Plaintiffs, Fed.R.Civ.P. 4(d)(7) and 4(e) specifically provide for the application of the Pennsylvania Rules of Civil Procedure. The language of these rules and the applicable notes of the Advisory Committee on Rules make this clear by expressly allowing for resort in original Federal actions to the procedures provided by state (*i.e.,* Pennsylvania) law for effectuating service on nonresident parties. Consequently, we will make our determination as to the validity of this attempted service of process under the Pennsylvania Rules of Civil Procedure, hereby invoked by the Plaintiffs.

■ We are mindful of the fact that the federal courts are bound by the Pennsylvania courts' construction of its own substitute service rules and statutes. *Phillips v. Flynn,* 61 F.R.D. 574 (E.D.Pa., 1974). However, as there is little case law to guide us in the application of this substitute service provision of the Pennsylvania Rules of Civil Procedure we must resort to an examination and interpretation of the language of the rule.

Our approach will follow that traditionally employed by the Pennsylvania courts when interpreting its rules and statutes authorizing substitute service: that is, strictly construed, but yet in integral accord with the rules existing at the time of its enactment. *McCall v. Gates,* 354 Pa. 158, 47 A.2d 211 (1946); *Heaney v. Mauch Chunk Boro.,* 322 Pa. 487, 185 A. 732 (1936); *West v. Lysle,* 302 Pa. 147, 153 A. 131 (1931); *March v. Philadelphia & West Chester Traction Co.,* 235 Pa. 413, 132 A. 355 (1926). In order to effectuate such an interpretation of Pa.R.Civ.P. 2079(c)(3) for the purpose of deciding the present matter, it appears that we need look no further than to its language and the official commentary accompanying the rule.

■ In essence, the Plaintiffs argue that they have made valid service upon each of these four Defendants in accordance with the directives of Pa.R.Civ.P. 2079(c)(3) as they assign the meaning of the postal notation "unclaimed" to be the equivalent of "refused" (in which case the rule does spe-

---

1. The pertinent provisions of the Pennsylvania Rules of Civil Procedure provide:

    Sec. 2079 Service of Process
    (c) Outside the Commonwealth, the Plaintiff shall have the right of service. . .
    (3) by registered letter sent by the plaintiff, the plaintiff's attorney or any competent adult addressed to the last known address of the defendant and requiring a receipt signed by the defendant. If the letter is *returned* by the post office without a receipt signed by the defendant *but with notation by the postal authorities that the defendant refused to accept the letter,* the plaintiff shall have the right of service by ordinary mail addressed to the defendant at the same address, with the return address of the sender appearing thereon; . . . (emphasis added).

    This rule became effective June 11, 1979 and was promulgated upon the authority of 42 Pa.Cons.Stat. Sec. 5323 which provides

the statutory basis for service of process on residents (*i.e.,* Pennsylvania's long-arm service procedure). The specific statutory language from which this rule derives may be set forth as follows:

Service of process on persons outside this Commonwealth.
    (a) Manner of service. When the law authorizes service of process outside this Commonwealth, the service, when reasonably calculated to give actual notice, may be made:
    (3) By any form of mail addressed to the person to be served and requiring a signed receipt.
42 Pa.Cons.Stat.Ann. Sec. 5323(a)(3) (Purdon 1981).
    NOTE: The language of Pa.R.Civ.P. 2079(c)(3) is applicable to both individuals and corporations as Pa.R.Civ.P. 2180(c)(2) (re: Service of process upon corporations) incorporates its provisions by specific reference.

cifically authorize the alternative of forwarding the process by first class mail). However, we are unable to equate the two under the present circumstances.

In each instance the notation of the postal authorities on the registered mailing receipt is clearly "unclaimed"—not "refused". The plain meaning of this notation merely indicates that the addressee did not claim the mailing. Accordingly, in the absence of contrary advice, we find that nothing more or less may be unilaterally inferred.

We find support for this position in the case of *Harris v. Kaulius,* 18 Pa.D. & C.3d 636 (1981), where the court addressed the distinction between "unclaimed" and "refused" mailings in a situation analogous to the present and involving the same rule of civil procedure (*i.e.,* Pa.R.Civ.P. 2079(c)(3)). There the court, in the following language, stated that:

> While a refusal to accept the letter may constitute sufficient evidence of service ... a mere failure to claim a letter cannot be treated in the same fashion. A refusal is intentional. Failure to claim may be the result of the defendant being away from his address for an extended period of time without any intention whatsoever of avoiding service of process.

Also, we take note of the appropriate comment to Pa.R.Civ.P. 2079 which clearly expresses that, under the present rule, "a serious due process question would be raised in *in personam* actions if the plaintiff produces nothing except proof that the (nonresident) defendant cannot be found at his last known address."

■ We think this to be the essence of the present situation. Accordingly, we find the service of process made in the manner herein set forth by the Plaintiffs to be inadequate.[2] The notation of the postal authorities to the effect that the letter was "unclaimed," as opposed to "refused," is insufficient to authorize service by ordinary mail pursuant to provisions of Pa.R.Civ.P. 2079(c)(3). *Harris v. Kaulius, supra,* at 639.

Therefore, the Court concludes that under these circumstances the Plaintiffs have not made effective service of process upon any of these four Defendants.

## II.

■ As set forth above, Defendants Hollingsworth and Edens, Inc. ask that we dismiss the action as to them for reason of insufficiency of the service of process pursuant to their Fed.R.Civ.P. 12(b)(5) motions. However, dismissal by the Court is not invariably required where service is found to be ineffective. Under such circumstances the court has discretion either to dismiss the action or to quash the service which has been made on the defendants. *Picking v. Pennsylvania R.R. Co.,* 151 F.2d 240 (3d Cir., 1945), *cert. denied,* 332 U.S. 776, 68 S.Ct. 38, 92 L.Ed. 361 (1947).

■ Here, we find from our review of the record that the Plaintiffs have a reasonable chance to ultimately serve these Defendants properly. (See residential address of Hollingsworth as set forth in his answers to Plaintiffs' interrogatory, dated February 26, 1982; and, see the residential addresses of Edens, Inc. and its corporate officer as set forth in the deposition testimony of named Defendant, Charles Edens, dated June 16, 1982.)[3] Therefore, we merely quash the insufficient service made as to these two defendants; Plaintiffs may attempt again to serve them with process. *Richardson v. Ingram Corp.,* 374 F.2d 502 (3d Cir., 1967); *cert. denied* 389 U.S. 866, 88 S.Ct. 134, 19 L.Ed.2d 139 (1967).

---

**2.** In the alternative, the Plaintiffs contend that they have made effective service of process in accord with the statutory language of 42 Pa. Cons.Stat. Sec. 5323(a)(3) (See footnote 1, page 402, *supra*) by the mere sending of the registered mail addressed to the Defendants' last known addresses, whether received by them or not. We find this contention to be completely without merit. The Explanatory Note accompanying Pa.R.Civ.P. 2079 makes this clear in its discussion of the statute and the corresponding implementing rule.

**3.** The participation by these Defendants in such pre-answer discovery does not, of itself, constitute a waiver of any objection that they may have as to the lack of this Court's jurisdiction. *See* 4 *Moore's Federal Practice,* ¶ 26.56(6) (2d ed. 1982).

**404**

As to Defendants Half and Panzini the present record contains no fact which might support a reasonable prospect of the Plaintiffs being able to serve them adequately with process. Accordingly, the present action is dismissed as to these two named Defendants.

Appropriate Order will issue.