Jane KUCHER, Plaintiff,

v.

Joseph J. FISCHER, Jr.,
et al., Defendants.

Civil Action No. 95–6170.

United States District Court,
E.D. Pennsylvania.

June 26, 1996.

Order Clarifying Decision July 5, 1996.

Raymond M. Bily, Reiff, Morrissey and Associates, Philadelphia, PA, for plaintiff.

Michael G. Longenhagen, Federal Reserve Bank Bldg., Philadelphia, PA, for defendants.

### MEMORANDUM–ORDER

EDUARDO C. ROBRENO, District Judge.

Plaintiff instituted this action to recover for injuries she sustained in a car accident allegedly caused by defendants. Presently, plaintiff seeks the entry of a default and a judgment by default against defendants George and Susan Cherkassky, contending that these defendants have failed to appear after having been duly served with process. *See* Fed.R.Civ.P. 55(a). Plaintiff's requests will be denied.

In support of plaintiff's requests, counsel for plaintiff, Raymond M. Bily, Esq., avers that he sent a copy of the civil action complaint to defendants George and Susan Cherkassky by certified mail and that "the letters were refused [by the defendants]." (*See* Aff. of Service, Raymond M. Bily, Esq., doc. no. 7) Counsel also avers that after the "refused" mail was returned, he caused to be mailed to defendants "by regular first class mail," "copies of the [c]omplaint" and that the letters so mailed "were not returned."

Federal Rule of Civil Procedure 4(e)(1) provides that service upon an individual from whom a waiver has not been obtained and filed may be effected in any judicial district in the United States "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R.Civ.P. 4(e)(1). In this case, pursuant to Rule 4(e)(1), plaintiff has sought to effectuate service by mail under Pennsylvania law.

██ Pennsylvania law authorizes service by ordinary mail upon satisfaction of the following steps: (1) the mailing of the original process to the defendant by a form of mail requiring a receipt, such as certified or registered mail; (2) the return of that mail impressed with a notation by the postal authorities that the mail had been "refused"; and (3) the re-mailing of the "refused" mail to the defendant by ordinary mail. *See* Pa.

R.Civ.P. 403.[1]  Here, plaintiff has established that steps 1 and 3 have been fulfilled, i.e., that process was mailed to defendants initially by certified mail and later by ordinary mail.  However, because the certified letters returned by the postal authorities contain notations impressed upon them indicating that the mail went "unclaimed" rather than that it was "refused," plaintiff has failed to demonstrate satisfaction of step 2.

■ A notation by the postal authorities that certified or registered mail went "unclaimed" rather than "refused" is generally insufficient to satisfy the requirements of service by ordinary mail under Pennsylvania law. *National Expositions, Inc. v. DuBois,* 97 F.R.D. 400, 403 (W.D.Pa.1983); *see also Carson v. Carson,* 28 Pa.D. & C.3d 281 (1983) (same).[2]  Similarly, certified or registered mail that is returned because the intended recipient has moved can not be said to have been deliberately refused. *National Expositions, Inc.,* 97 F.R.D. at 403.

■ The importance of the distinction between "refused" and "unclaimed" mail reflects the common sense notion that a defendant's failure to claim mail may stem from a multitude of reasons, including that the defendant has moved to a new address.  Unlike a refusal, which is intentional, a failure to claim does not alone give rise to the implication that the defendant has deliberately sought to avoid receipt of process. *See National Expositions, Inc.,* 97 F.R.D. at 403 (citing *Harris v. Kaulius,* 18 Pa.D. & C.3d 636 (1981)); *see also Gold Kist, Inc. v. Lau-*

*rinburg Oil Co., Inc.,* 756 F.2d 14, 19 n. 1 (3d Cir.1985) (situations exist where failure to claim may be tantamount to refusal).

In this case, neither of the envelopes returned by the post office indicates that the letter was refused.  The post office notation on the envelope addressed to defendant George Cherkassky advised plaintiff that the defendant had moved to a new address.[3]  Similarly, the post office notation on the envelope addressed to defendant Susan Cherkassky indicated that the mail sent to her was "unclaimed." [4]

Since plaintiff has failed to show that the certified letters sent to defendants George and Susan Cherkassky were "refused," she has failed to effectuate service upon those defendants in a manner consistent with Pennsylvania law.

**AND NOW,** this 26th day of **June 1996,** upon review of plaintiff's Request to Clerk to Enter Default (doc. no. 8), it is hereby **ORDERED** that the request is **DENIED.**  It is **FURTHER ORDERED** that plaintiff's Motion for Judgment by Default by the Court (doc. no. 9) is **DENIED.**

### AND IT IS SO ORDERED.

### ORDER

### July 5, 1996

AND NOW, this 5th day of July 1996, it is ORDERED that the Memorandum–Order issued by the Court in the above captioned case on June 26, 1996, (doc. no. 10) is hereby clarified as follows:

---

1.  Rule 403 of the Pennsylvania Rules of Civil Procedure ("Service by Mail") provides as follows:

    If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent.  Service is complete upon delivery of the mail.

    (1) If the mail is returned with notation by the postal authorities that the defendant *refused* to accept the mail, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail with the return address of the sender appearing thereon.  Service by ordinary mail is complete if the mail is not returned to the sender within fifteen days after mailing.

    (2) If the mail is returned with notation by the postal authorities that it was *unclaimed,* the plaintiff shall make service by another means pursuant to these rules.

    Pa.R.Civ.P. 403 (emphasis added).

2.  The Court notes that although the cases cited herein were decided under former Pennsylvania Rule of Civil Procedure 2079, the language of new Pennsylvania Rule of Civil Procedure 403(1) regarding service by ordinary mail after certified mail has been "refused" is virtually identical to that contained in former Rule 2079(c)(3).

3.  The envelope containing counsel's mailing to George Cherkassky contains a return to sender stamp which, at least in the photocopy submitted to the Court, is illegible and a notation to "notify sender of new address," along with that new address.

4.  The envelope containing counsel's mailing to Susan Cherkassky, which was returned to plaintiff's counsel, has a "return to sender" stamp on it from the post office listing both "refused" and "unclaimed" as possible explanations for why the mail was returned.  The box marked "unclaimed" is checked on the envelope.

Under Pennsylvania law, service of original process within the Commonwealth of Pennsylvania may not be made by mail unless authorized by a rule of civil procedure. *See* Pa.R.Civ.P. 403. Plaintiff has failed to identify any factors indicating that service by mail of defendants George and Susan Cherkassky, both Pennsylvania residents, was authorized in this case. *See Cahill v. Schults*, 434 Pa.Super. 332, 340, 643 A.2d 121, 125 (1994) (in case arising out of automobile accident, court found "sending initial process by certified mail ... improper") (citing *Mooney v. Borough of West Mifflin*, 134 Pa.Cmwlth. 557, 578 A.2d 1384 (1990); Pa. R.Civ.P. 400(a)). Nothing in the Court's Memorandum–Order of June 26, 1996, shall be construed as finding that service of original process by mail is permissible under Pennsylvania law where such service is not specifically authorized by a rule of civil procedure.

**AND IT IS SO ORDERED.**