974 P.2d 995

Kathryn CUVELIER, Clerk of the Town of Oro Valley; Paul Loomis, Mayor of the Town of Oro Valley; Paul Parisi, Vice–Mayor of the Town of Oro Valley; Dick Johnson, Francis Lasala, and Cheryl Skalsky, Town Council members; and Town of Oro Valley, an Arizona municipal corporation, Defendants/Appellants,

v.

Gary SCHMITZ, Plaintiff/Appellee.

No. 2 CA–CV 98–0223.

Court of Appeals of Arizona, Division 2, Department B.

Jan. 8, 1999.

Review Denied April 15, 1999.

Gust Rosenfeld, P.L.C. by Frank Cassidy and Keri Lazarus Silvyn, Tucson, for Defendants/Appellants.

Yen & Pilch, P.L.C. by Caroline A. Pilch, Phoenix , for Plaintiff/Appellee.

*OPINION*

HOWARD, Judge.

¶ 1 Appellee Gary Schmitz, who helped circulate a municipal initiative petition, filed a special action complaint in superior court seeking an order to compel appellant Town

of Oro Valley [1] to place the initiative on the next statewide general election ballot. The trial court determined that the petition should have been placed on the ballot, and, because it was impossible to place the initiative on the ballot at that time, ordered the Town to call a special election to allow the voters to decide the initiative. The Town appeals this order. We reverse.

## FACTUAL BACKGROUND

¶2 The facts are essentially undisputed. A representative of the Oro Valley Lodge of the Fraternal Order of Police filed an application for an initiative petition on May 14, 1998, and the Town clerk issued it that same day. The Town held its regularly scheduled municipal general election on May 19. The signature sheets for the petition were filed with the Town clerk on July 2. Although the clerk subsequently certified that the petition contained sufficient valid signatures for the initiative to be placed on a ballot, she did not submit the initiative for the November 3 statewide general election, which occurred one hundred twenty four days after the filing.

## DISCUSSION

¶3 The Arizona Constitution reserves the right of initiative on municipal matters to citizens of the municipalities and allows a municipality to "prescribe the manner of exercising said [initiative] powers within the restrictions of general laws." Ariz. Const. art. IV, pt. 1, § 1(8).[2] The legislature has enacted several statutes concerning initiatives. These statutes apply to municipal initiatives, A.R.S. § 19–141(A), and municipal procedures for initiatives "shall be as nearly as practicable the same as the procedure relating to initiative ... provided for the state at large." § 19–141(C).

¶4 Statewide initiative petitions must be filed with the secretary of state four months

prior to "the ensuing general election after their issuance" or they are "null and void." A.R.S. § 19–121(D); see also Ariz. Const. art. IV, pt. 1, § 1(4). Municipal initiatives, however, are filed with the clerk of the municipality. A.R.S. § 19–143(B). The Oro Valley Town Code provides that initiatives "may be voted on at the next ensuing primary or general election or at a special election called by the council," and requires that "[i]nitiative petitions shall be filed at least one hundred twenty days prior to the election at which they are to be voted upon." Town Code § 2–3–6(A) and (C)(1).

¶5 The Town asserts that municipal initiatives may only be voted on at municipal elections, while Schmitz argues that the Oro Valley Town Code allows, or even requires, municipal initiatives be voted on at statewide elections. We review questions of statutory interpretation de novo. *City of Tucson v. Pima County*, 190 Ariz. 385, 949 P.2d 38 (App.1997). "If a statute's language is clear and unambiguous, we apply it without resorting to other methods of statutory interpretation." *Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994). However, if there is uncertainty, "we try to determine and give effect to the legislature's intent" and consider "the statute's context; its language, subject matter, and historical background; its effects and consequences; and its spirit and purpose." *Id.* at 268, 872 P.2d at 672. These same rules of construction also apply to municipal ordinances. *Rollo v. City of Tempe*, 120 Ariz. 473, 586 P.2d 1285 (1978).

¶6 The Town contends *City of Flagstaff v. Mangum*, 164 Ariz. 395, 793 P.2d 548 (1990) restricts voting for municipal initiatives to municipal elections. On this point, however, the decision in *Mangum* is distinguishable. The court in *Mangum* was not required to determine whether the initiative could have appeared on a statewide ballot because the

---

1. Appellants Town of Oro Valley; town clerk Kathryn Cuvelier; mayor Paul Loomis; vicemayor Paul Parisi; and council members Dick Johnson, Francis LaSala, and Cheryl Skalsky are collectively referred to as "the Town."

2. The full text of the relevant constitutional, statutory, and Town Code provisions is attached hereto as an Appendix.

initiative was untimely for "the ensuing general election after [its] issuance," § 19–121(D), which was a municipal election. The decision in *Mangum* is not, therefore, binding precedent that municipal initiatives may only appear on municipal election ballots.

■ ¶ 7 We therefore consider the language of the Town Code. Schmitz contends the Town Code uses a "constitutionally defined" term, "general election," in Town Code § 2–3–6(A), meaning a statewide election. Section 2–3–6 of the Town Code, however, is included in article 2–3, entitled "Council Election." This heading indicates that the article refers to municipal elections. See *Florez v. Sargeant*, 185 Ariz. 521, 917 P.2d 250 (1996) (although headings are not part of a law, they are helpful in resolving ambiguities); *Arizona Foundation for Neurology and Psychiatry v. Sienerth*, 13 Ariz.App. 472, 477 P.2d 758 (1970). Further, Town Code § 2–3–3 states that "[t]he general election shall be held on the third Tuesday in May." Compare A.R.S. § 16–204(B) (third Tuesday in May is one of four permissible dates for municipal elections) with A.R.S. § 16–211 (statewide general election held on "the first Tuesday after the first Monday in November of every even-numbered year"). The "general election" to which Town Code § 2–3–6(A) logically refers is the municipal "general election" defined in the same article. *Goulder v. Arizona Dep't of Transp.*, 177 Ariz. 414, 416, 868 P.2d 997, 999 (App.1993) ("Statutory provisions are to be read in the context of related provisions and of the overall statutory scheme" to "achieve consistency among the related statutes."). See also *Wallace v. Casa Grande Union High School Dist. No. 82 Bd. of Governors*, 184 Ariz. 419, 909 P.2d 486 (App.1995).

■ ¶ 8 Additionally, Town Code § 2–3–6(A) provides that an initiative may be voted on at "the next ensuing primary or general election, or at a special election." Statewide

primary elections are partisan and, at the time this provision was passed,[3] including a municipal initiative on a statewide primary ballot would have resulted in a significant number of voters who were not registered with one of the two major political parties being disenfranchised, an undesirable, if not unconstitutional, result. In contrast, Town primary elections are non-partisan. Town Code § 2–3–2. Although we note that Town Code § 2–3–6(B)(1) uses the words "municipal election" but § 2–3–6(A) does not, we conclude that the Town Code contemplates that municipal initiatives will be voted on at municipal elections.[4]

■ ¶ 9 The Town Code, however, does not specify if "the next ensuing ... election" referred to in Town Code § 2–3–6(A) is the next municipal election after the issuance or after the filing of the petition. For the first time at oral argument, Schmitz relied on Town Code § 2–3–6(C)(1) as authority that the filing date, not the issuance date, is the critical date for determining the next ensuing election. Section 2–3–6(C)(1) provides that: "Initiative petitions shall be filed at least one hundred and twenty days prior to the election at which they are to be voted upon." That section does not, however, state how "the election at which they are to be voted on" is determined. Even if § 2–3–6(C)(1) were more explicit, and provided some support for Schmitz's position, Oro Valley's initiative powers must be exercised "within the restrictions of general laws," Ariz. Const. art. IV, pt. 1, § 1(8), and the ordinance cannot overrule § 19–121(D).

¶ 10 In *Mangum*, the court held that the initiative petition must be filed four months prior to the ensuing general election after its issuance, citing § 19–121(D). Although the phrases "ensuing general election" and "next ensuing election" appear in the initiative statutes and the Town Code, only § 19–121(D), which also is the only statute setting out the four month filing deadline, "defines" the term

---

3. The voters made certain changes to this situation in the November 3, 1998, general election. See Proclamation on Proposition 103, Office of Arizona Governor, December 10, 1998.

4. This is consistent with A.R.S. § 19–102, not cited by either party, which regulates the form of petition for initiatives and provides that, if the initiative applies to a municipal matter, the form should state that the initiative will be presented to the voters at the next "city or town election."

"ensuing ... election": the next election after the issuance of a petition. Because the initiative statutes apply to municipal elections, § 19–141(A), and in order to render the Town's initiative procedure "as nearly as practicable the same" as those in § 19–121(D), § 19–141(C), we construe the phrase "ensuing ... election" in § 2–3–6(A) as referring to the next permissible municipal election after the issuance of the initiative petition.[5]

¶ 11 It is undisputed that the initiative petition at issue here was issued on May 14, and the next ensuing election was the Town general election on May 19. The initiative petition, therefore, was null and void because it was not filed one hundred twenty days prior to the May 19 election. *Mangum.* The Town did not err in refusing to include the initiative on the statewide November 3, 1998, election ballot.

¶ 12 This conclusion also disposes of Schmitz's argument that the clerk's certification provides that the petition contained sufficient signatures to place "a measure on the general election ballot." First, the purpose of the certificate is merely to certify the quantity of signatures, not the timeliness of the petition. See A.R.S. §§ 19–121.04 and 19–141(C). Second, the certificate does not state whether the general election is municipal or statewide. Finally, the clerk's certificate could not revive the petition which was void because it was not filed with the Town clerk one hundred twenty days prior to the next election after its issuance.

¶ 13 We also reject Schmitz's argument that, if we conclude the statutes and Town Code require a vote at a municipal election, this initiative must be included on the next municipal ballot. An initiative petition is valid for only one election, the next ensuing municipal election after its issuance.

See *Mangum.* The initiative is void and cannot be revived at a later election. *Mangum.*

¶ 14 Although this result may seem harsh, an applicant can choose when to request an initiative number and petition. In this case, the initial applicant did so at an inappropriate time and the result is mandated by the constitution, statutes, ordinances, and *Mangum.*

¶ 15 The order of the trial court is reversed and we remand to the trial court, which is directed to enter judgment for appellants in accordance with this decision.[6]

BRAMMER, Presiding Judge, and ESPINOSA, Judge, concur.

## APPENDIX

Article IV, pt. 1, § 1(4), of the Arizona Constitution provides:

All petitions submitted under the power of the Initiative shall be known as Initiative Petitions, and shall be filed with the Secretary of State not less than four months preceding the date of the election at which the measures so proposed are to be voted upon....

Article IV, pt. 1, § 1(8), of the Arizona Constitution provides:

The powers of the Initiative and the Referendum are hereby further reserved to the qualified electors of every incorporated city, town, and county as to all local, city, town, or county matters on which such incorporated cities, towns, and counties are or shall be empowered by general laws to legislate. Such incorporated cities, towns, and counties may prescribe the manner of exercising said powers within the restrictions of general laws....

Section 19–102(A), A.R.S., provides:

---

5. Section 19–143(B), A.R.S., requires that an initiative petition be filed with the town clerk who shall submit it to voters at the "next ensuing election." The potentially conflicting language in former § 19–143(A) discussed in *Mangum,* specifying a ninety-day time period, was removed after *Mangum.* 1991 Ariz. Sess. Laws, 3d Special Sess., ch. 1, § 23. This statute now simply provides for a place for filing initiative petitions and requires the clerk to place a timely filed and

valid initiative on the next available ballot. See *Mangum.*

6. In light of our resolution of this case, we need not address the validity of voting on municipal initiatives at municipal primary elections or at statewide elections, or whether the trial court violated the separation of powers doctrine by ordering the Town to call a special election.

The form of petition for a law or amendment to the constitution of this state or county legislative measure, or city or town ordinance, or amendment to a city or town charter proposed by the initiative to be submitted directly to the electors, shall be substantially in the form prescribed in § 19–101, except that the title and body of such petition shall read:

\* \* \*

We, the undersigned, citizens and qualified electors of the state of Arizona, respectfully demand that the following proposed law (or amendment to the constitution, or other initiative measure), shall be submitted to the qualified electors of the state of Arizona (county, city or town of _____) for their approval or rejection at the next regular general election (or county, city or town election) and each for himself says: (terminate form same as a referendum petition.)

Section 19–121(D), A.R.S., provides:

Initiative petitions which have not been filed with the secretary of state as of 5:00 p.m. on the day required by the constitution prior to the ensuing general election after their issuance shall be null and void, but in no event shall the secretary of state accept an initiative petition which was issued for circulation more than twenty-four months prior to the general election at which the measure is to be included on the ballot.

Section 19–141(A), A.R.S., provides:

The provisions of this chapter shall apply to the legislation of cities, towns and counties, except as specifically provided to the contrary in this article. The duties required of the secretary of state as to state legislation shall be performed in connection with such legislation by the city or town clerk, county officer in charge of elections or person performing the duties as such.... (Footnote omitted.)

Section 19–141(C), A.R.S., provides:

The procedure with respect to municipal and county legislation shall be as nearly as practicable the same as the procedure relating to initiative and referendum provided for the state at large, except the procedure for verifying signatures on initiative or referendum petitions may be established by a city or town by charter or ordinance.

Section 19–143(B), A.R.S., provides:

If an ordinance, charter or amendment to the charter of a city or town is proposed by initiative petition, it shall be filed with the city or town clerk, who shall submit it to the voters of the city or town at the next ensuing election....

Section 19–143(C), A.R.S., provides:

Amendments to a city or town charter may be proposed and submitted to the people by the council, with or without an initiative petition, but they shall be filed with the clerk for submission not less than sixty days before the election at which they are to be voted upon, and no amendment of a charter shall be effective until it is approved by a majority of the votes cast thereon by the people of the city or town to which it applies. The council may by ordinance order special elections to vote on municipal measures.

Section 2–3–2, Oro Valley Town Code, provides:

Elections shall be non-partisan and nothing on the ballot in any election shall be indicative of the support of a candidate.

Section 2–3–6(A), Oro Valley Town Code, provides:

There is reserved to the qualified electors of the town the power of the initiative and the referendum as prescribed by the state constitution. Any initiative or referendum matter may be voted on at the next ensuing primary or general election, or at a special election called by the council.

Section 2–3–6(B)(1), Oro Valley Town Code, provides:

The total number of registered voters qualified to vote at the last municipal election, whether regular or special, immediately preceding the date upon which any

initiative petition is filed shall be the basis upon which the number of qualified electors of the town required to file an initiative petition shall be computed.

Section 2–3–6(C)(1), Oro Valley Town Code, provides:

Initiative petitions shall be filed at least one hundred twenty days prior to the election at which they are to be voted upon.