**Frank and Lucille RISTUCCIA, Appellants,**

v.

**Earl and Bernice ADAMS, Appellees.**

No. 22022.

United States Court of Appeals Ninth Circuit.

Feb. 12, 1969.

Rehearing Denied March 12, 1969.

Frank Ristuccia (argued), for appellants.

Charles A. Price (argued), Los Angeles, Cal., for appellees.

Before BARNES, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Appellants were state court defendants who successfully counterclaimed in that litigation which was concluded on September 11, 1963, when the Superior Court of the State of California in and for the County of Los Angeles entered judgment for them. Approximately one year later appellants, acting in *propria persona,* moved to reopen the judgment and modify the award, alleging fraud and collusion by their attorneys and the opposing parties. This motion was denied on October 2, 1964, and appellants appealed. The California District Court of Appeal affirmed and appellants were ordered to pay $200.00 in damages for bringing a frivolous appeal. When petition to the California Supreme Court proved unsuccessful, appellants filed a petition for removal to federal court under 28 U.S.C. §§ 1441 and 1443. The United States District Court for the Central District of California dismissed the petition and appellants challenge that decision in this court.

■ Any one of several reasons would be sufficient to bar appellants' removal petition. It would seem obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court. Since appellants' motion was dismissed by the state supreme court, appellants are actually attempting to obtain a federal forum by characterizing an appeal as a removal petition, an imaginative but unacceptable maneuver. Even assuming appellants to be the possessors of a cause of action pending in state court, other obstacles to removal are readily discernable. Appellants cannot allege either diversity of parties or a non-frivolous federal question. They therefore fail to meet the initial requirement of 28 U.S.C. § 1441, that the action be one which might have been filed originally in federal court. Further, appellants are not "defendants," another fundamental § 1441 prerequisite, since the original suit has long been terminated and they are the plaintiffs and initiators of the current action. See, e. g., Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Civil rights are in no way involved in appellants' action. Therefore, appellants' reliance on 28 U.S.C. § 1443 is misplaced. See, City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed. 2d 944 (1966).

■ After holding that appellants' removal petition was without merit, the district court, acting on its own motion, remanded the case to the state court, stating that because appellants lacked a pending state action, remand was "questionable." We think it not only questionable, but impossible. We hold that, as a matter of logic, if appellants had not existing cause of action to remove, the fact that the district court has determined that appellants lacked a removable cause of action creates no cause of action that can be remanded.

With their appeal, appellants have filed a complaint for declaratory relief and injunction which is directed against the parties who originally brought suit against appellants and all courts in which appellants have appeared. The complaint reargues the merits of appellants' case. We reject this complaint for the same reasons we affirm the dismissal of appellants' action for removal.

We affirm the district court's dismissal of appellants' attempt to gain a federal forum under 28 U.S.C. §§ 1441 and 1443 and we reverse the district court's decision to remand appellants' claim to the state court. Treating appellants' "Complaint for Declaratory Relief and Injunction" as an application for a writ of mandamus, we deny and dismiss it.