THE LURIE COMPANY, Plaintiff-Appellant, *v.* MARSHALL I. TEICHNER, Defendant-Appellee.

First District (3rd Division)   No. 77-1853

Opinion filed August 23, 1978.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (John L. Ropiequet, of counsel), for appellant.

Morgan, Tuchow & Karzov, of Chicago (Martin Tuchow and Arnold J. Karzov, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The plaintiff, Lurie Company, appeals from an order of the circuit court of Cook County holding it in contempt and dismissing with prejudice its complaint against the defendant, Marshall I. Teichner.

Plaintiff also appeals from an order of November 8, 1976, vacating its judgment of May 25, 1976.

On September 24, 1975, plaintiff obtained a judgment by confession against defendant in the amount of $3,674.52. The judgment, confessed under terms of a lease on office space, was for unpaid rent for the months of June through September 1975.

On March 12, 1976, defendant filed a petition to vacate the confession judgment alleging that plaintiff's failure to provide air conditioning forced him to abandon the premises on July 21, 1975. The court permitted defendant to appear and defend with plaintiff's judgment to stand as security. Trial of the matter was set for May 25, 1976.

On March 29, 1976, plaintiff was granted leave to amend its complaint to increase the ad damnum to $6,996.82 reflecting the full term of the lease. Defendant was ordered to answer the amended complaint, but did not do so. Defendant also did not appear on the trial date and, on May 25, 1976, a default judgment was entered in favor of plaintiff in the amount of $6,996.82.

In July 1976, plaintiff garnished defendant's bank account and, as a result, realized $1,823.91. On September 8, 1976, defendant's professional corporation was served with a garnishment summons. On October 13, 1976, an attorney for defendant contacted plaintiff's counsel requesting a continuance of the garnishment proceedings and indicating that he intended to file a section 72 petition to vacate the judgment of May 25, 1976. In November 1976, defendant filed only a notice of motion, unsupported by petition or affidavit, to vacate the judgment.

The notice of motion recited that a copy had been served on plaintiff's attorney. On November 8, 1976, the trial court vacated the judgment and allowed defendant to file his defense instanter. The court also ordered plaintiff to return to defendant what money it had collected on its judgment.

On December 2, 1976, plaintiff moved to vacate the order of November 8, 1976, on the grounds that neither plaintiff nor its counsel had received notice of defendant's notice of motion and because defendant's notice of motion to vacate the judgment had not contained a petition and was not in conformity with section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 72.) The trial court denied plaintiff's motion.

On September 15, 1977, defendant filed a petition for a rule to show cause, stating that plaintiff had refused to turn over funds it had garnished from defendant's bank account. On September 30, 1977, the trial court ruled that plaintiff was in contempt of court and dismissed plaintiff's complaint with prejudice.

■■ A trial court cannot review its own order or judgment and correct the

same, either as to any question of fact found or decided by the court or as to any question of law decided by it after the expiration of 30 days. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294.) Thereafter, a party's sole remedy is to proceed under section 72 of the Civil Practice Act. (*Brockmeyer*; Ill. Rev. Stat. 1975, ch. 110, par. 72.) Petitioner must allege and prove the existence of a meritorious defense which, through no fault or negligence on the part of defendant, was not timely presented to the court. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719.) Such a petition is not intended to relieve a party of the consequences of his own mistake or negligence. *Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518.

■■ The trial court erred in vacating the judgment of May 25, 1976. More than 30 days had expired since the entry of the judgment and defendant failed to file a section 72 petition. Indeed, defendant filed only a notice of motion which did not refer to section 72 and which did not contain a petition or affidavit. Section 72 was created to furnish a comprehensive yet simple procedure whereby a party could obtain relief from final judgment after 30 days from entry. The section requires that the petition must set forth sufficient facts to show both a meritorious defense and due diligence on the part of the petitioner. In the present case, defendant did not file a petition and obviously his notice of motion failed to meet either requirement of section 72. Hence, the trial court was without jurisdiction to vacate the judgment.

Defendant argued in the trial court that his motion to open up the original confession judgment, filed on March 12, 1976, somehow satisfied his burden of pleading a meritorious defense to the subsequent judgment. We fail to perceive, however, how under the circumstances a pleading filed over 60 days before the entry of judgment may act as a petition to be considered after the judgment was entered. Moreover, even if the March 12 pleading could be considered as complying with part of the section 72 requirements, defendant did not plead, demonstrate, or even suggest any diligence in seeking relief. The record reveals that, in the presence of defendant's counsel, the matter was set to be tried on May 25, 1976. Defendant did not appear. Defendant's bank account was garnished in July 1976; defendant's professional corporation was garnished in September 1976. Despite all these notices, defendant waited until November 1976 to present any motion to the court. Defendant was not entitled to relief.

Plaintiff also appeals from the order of the trial court holding it in contempt of court and dismissing its complaint with prejudice. The trial court's sole reason for the holding was that plaintiff had refused to turn over to defendant the monies it had collected on its judgment.

■■ A person cannot be guilty of contempt of court for disobedience of

an order which the trial court had no authority to enter. (*Liberty v. Greek Welfare Foundation* (1976), 44 Ill. App. 3d 973, 358 N.E.2d 1241; *People v. Adams* (1976), 35 Ill. App. 3d 810, 343 N.E.2d 659; *Fireman v. Smith* (1930), 341 Ill. 154, 173 N.E. 64.) We have already held that the trial court had no authority to vacate the judgment of May 25, 1976, after the expiration of 30 days without the filing of a section 72 petition. Consequently, its accompanying order directing plaintiff to return money it had collected on its judgment also was entered without authority, as was the subsequent act of holding plaintiff in contempt of court.

For the reasons stated, the order of the circuit court of Cook County vacating plaintiff's judgment of May 25, 1976, and ordering plaintiff to return certain money to defendant is reversed, and the judgment for plaintiff is hereby reinstated. The subsequent order of September 30, 1977, holding plaintiff in contempt of court and dismissing its complaint is also reversed.

Orders reversed.

JIGANTI, P. J., and McGILLICUDDY, J., concur.