**ROBERT E. DIEHL, INC., Plaintiff,**

v.

**Roger A. MORRISON, Defendant.**

**Civ. A. No. 84–0633.**

United States District Court,
M.D. Pennsylvania.

Aug. 22, 1984.

Thomas I. Myers, Myers, Myers, Flower & Johnston, Lemoyne, Pa., for plaintiff.

Roger A. Morrison, pro se.

### MEMORANDUM

CALDWELL, District Judge.

On the grounds of diversity of citizenship, defendant, Roger A. Morrison, has petitioned this court, pursuant to 28 U.S.C. § 1446, for removal of a mortgage foreclosure action plaintiff instituted against him in the Court of Common Pleas of Dauphin County, Pennsylvania. He has also moved the court to strike or open a default judgment entered against him in the state court. Plaintiff, opposing the removal, has filed a motion to remand the case to the

Dauphin County Court. Plaintiff asserts that this court cannot accept jurisdiction of this action because: (1) the petition was not timely filed in accordance with 28 U.S.C. § 1446, and (2) there was no pending action to be removed to the federal court as a result of the default judgment which was entered prior to the filing of the petition.

28 U.S.C. § 1446(b) (brackets added) provides, in relevant part, as follows: "[t]he petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which such action or proceeding is based...." Defendant's petition asserts that defendant received the complaint on April 4, 1984, under letter, dated April 2, 1984. The petition was filed on May 3, 1984. Thus, if we accept defendant's allegations, the petition is timely. Plaintiff asserts, however, that service was accomplished prior to April 4, 1984. It alleges that service was made in accordance with Pa.R.Civ.P. 1145 when the sheriff posted the premises on March 6, 1984, and when he sent the complaint by certified mail to defendant's address in Maryland. Plaintiff admits defendant never received the complaint but asserts that defendant should not be permitted to avoid service by not picking up the mail. The complaint was returned to the sheriff, marked "UNCLAIMED" by the postal service, after three attempts at delivery on March 9, 1984, March 14, 1984, and March 24, 1984. Characterizing this as a refusal by defendant to accept service, plaintiff contends that a May 3 filing date for the petition was untimely since more than thirty days elapsed from notification to him by the postal service of the sheriff's letter.

Assuming *arguendo* that a refusal to accept a certified letter constituting effective service of process under state law would also begin the running of the thirty day period under section 1446(b),[1] we must nevertheless reject plaintiff's contention because an unclaimed letter is not the same as a refused one. The situation is analogous to *National Expositions, Inc. v. Du-Bois*, 97 F.R.D. 400 (W.D.Pa.1983). In *National Expositions*, the court, interpreting Pa.R.Civ.P. 2079(c)(3), dealing with the right of service upon an out-of-state defendant by ordinary mail when the defendant has refused a certified letter, stated:

> While a refusal to accept the letter may constitute sufficient evidence of service ... a mere failure to claim a letter cannot be treated in the same fashion. A refusal is intentional. Failure to claim may be the result of the defendant being away from his address for an extended period of time without any intention whatsoever of avoiding service of process.

*Id.* at 403 (quoting *Harris v. Kaulius*, 18 Pa.D. & C.3d 636, 639 (1981)). In *National Expositions*, when the certified letters were returned, marked only "Unclaimed," the court concluded that service on the defendants was improperly made.

Similarly, we also conclude in the instant case that service on the defendant was never accomplished when the complaint was returned by the postal service as "UNCLAIMED."[2] Therefore, plaintiff cannot rely upon the postal service's attempts to deliver the complaint in March as starting the thirty day period under section 1446(b).

Plaintiff also asserts in its motion to remand that its counsel mailed defend-

---

1. Service of process under state law does not necessarily control for removal purposes. *See Tyler v. Prudential Insurance Co.*, 524 F.Supp. 1211 (W.D.Pa.1981).

2. Pa.R.Civ.P. 1145(c) differs from Pa.R.Civ.P. 2079(c)(3) in that the former merely requires that the complaint be sent to the out-of-state defendant by registered mail, along with posting of the property, to effect service, while the latter

requires a return receipt signed by the defendant, and only in the event of a refusal to accept the mailed complaint, will the rule accept ordinary mail as proper service. We do not think the difference in the rules is material in light of 42 Pa.C.S. § 5323 which requires, among other things, when service is made by mail, a signed receipt or other evidence of personal delivery.

ant a copy of the complaint under date of March 27, 1984. We do not believe that this ambiguous statement is sufficient to overcome.defendant's allegation in his petition that he only received the complaint from plaintiff's counsel on April 4, 1984. The mailing could have occurred at some later time. Plaintiff's brief does specify that counsel mailed the complaint on March 27, 1984 so that defendant would have received it on March 29, 1984. Statements made by counsel in a brief are not part of the record, however, and they will not be considered. *See United States v. Gazda,* 499 F.2d 161 (3d Cir.1974).

■ Plaintiff next asserts that 28 U.S.C. § 1441, authorizing removal of actions to the district court, applies only to "pending" actions. Since judgment was entered in the state court prior to the filing of the petition, there was no action that could be removed. *Ristuccia v. Adams,* 406 F.2d 1257 (9th Cir.1969), and *In re 73rd Precinct Station House,* 329 F.Supp. 1175 (E.D.N.Y.1971), relied upon by plaintiff, are inapposite. In these cases the parties seeking removal appeared in the state court action, defended on the merits, and sought removal only after an adverse determination in the state court. Indeed, in *Ristuccia* removal was sought only after the state appellate court had denied relief. Those cases cannot control when the petition has been timely filed and the defendant has not unequivocally subjected himself to the state court.

■ Defendant has also moved to strike the default judgment. Plaintiff has not opposed this motion. This court has authority to set aside a judgment rendered by a state court before removal of the action. *See Kizer v. Sherwood,* 311 F.Supp. 809 (M.D.Pa.1970). Accordingly, because under local rule 401.6 the motion is deemed unopposed by plaintiff's failure to respond, we will set aside the judgment and grant defendant twenty days to file an answer.

We will issue an appropriate order.