Kay L. HANDLON, Plaintiff,

v.

ALLIS–CHALMERS COAL GAS CORPO-
RATION, Illinois Power Company, J.A.
Jones Construction Company, McCar-
tin-McAuliffe, Inc., Kilngas R & D, Inc.
and Gilbert/Commonwealth Architects
and Engineers, Defendants.

ALLIS–CHALMERS COAL GAS
CORPORATION and Kilngas R
& D, Inc., Crossplaintiffs,

v.

J.A. JONES CONSTRUCTION COMPA-
NY and McCartin-McAuliffe, Inc.,
Crossdefendants.

ALLIS–CHALMERS COAL GAS COR-
PORATION and Kilngas R & D,
Inc., Third-Party Plaintiffs,

v.

FRUIN–COLNON CONTRACTING
COMPANY, Third-Party
Defendant.

J.A. JONES CONSTRUCTION
COMPANY, Crossplaintiff,

v.

McCARTIN–McAULIFFE, INC.,
Crossdefendant.

J.A. JONES CONSTRUCTION
COMPANY, Third-Party
Plaintiff,

v.

FRUIN–COLNON CONTRACTING
COMPANY, Third-Party
Defendant.

No. 87–3302.

United States District Court,
S.D. Illinois.

July 21, 1987.

John Gitchoff, Wallis & Gitchoff, Granite
City, Ill., for plaintiff.

Richard F. Nash, Gundlach, Lee,
Eggmann, Boyle & Roessler, Belleville, Ill.,
for defendants.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is plaintiff Kay L.
Handlon's Motion to Remand. Defendant,
J.A. Jones Construction Company, has filed
a Petition to Remove this cause from the
Circuit Court for the Third Judicial Circuit,
Madison County, Illinois.

The Court is faced with the question
whether the filing by defendant Jones of a
Motion to Reconsider a state court order
dismissing defendant's third party com-
plaint should prevent the removal of this
action to federal court. The Motion to Re-
consider was filed by the defendant min-
utes prior to the filing of the Petition for
Removal, apparently in an effort by the
defendant to follow case law in the Seventh

Circuit. *Daniels v. McKay Machine Co.*, 607 F.2d 771 (7th Cir.1979).

*Daniels v. McKay Machine Co.* stands for the proposition that a timely filed motion to reconsider pending in state court may be addressed by a federal court after removal to federal court has been completed. The facts of *Daniels* are distinguishable, however. The *Daniels'* Motion to Reconsider had been pending in state court for about eight months at the time of removal. Here, the Motion to Reconsider had been pending for about eight minutes.

The Court also notes that the *Daniels* court relied on *General Investment Co. v. Lake Shore & Mich. So. Ry. Co.*, 260 U.S. 261, 267, 43 S.Ct. 106, 110, 67 L.Ed. 244 (1922) in concluding that a federal court may rule on a Motion to Reconsider pending in state court at the time of removal. The *General Investment* case, however, concerned whether a party was properly served, a threshold determination by any court. Because it is fundamental that a federal court must determine whether it has jurisdiction over the parties, the *General Investment* ruling that a state court finding of proper service may be reviewed by a federal court after removal is factually distinguishable from the matter before this Court.

In *Daniels*, the Motion to Reconsider was filed with the state court with the objective of having the state court review its own decision on a summary judgment motion. This is in contrast with defendant Jones' filing of its Motion to Reconsider just minutes before petitioning for removal.

■ The propinquity of the Motion to Reconsider and the removal petition raises questions previously addressed by district courts. While that waiver of the right to remove must be "clear and unequivocal," *Bedell v. H.R.C. Ltd.*, 522 F.Supp. 732 (E.D.Ky.1981), a defendant may not use the removal statute as an avenue to appeal an adverse state decision. *Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH*, 579 F.Supp. 1476 (C.D.Ill.1984); *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.*, 631 F.Supp. 171 (W.D.Tenn.1986). In *Kiddie*

*Rides USA,* a motion to vacate an order of attachment was considered an attempt to use the removal right as an appeal device. In *Bolivar Sand*, the case was removed after a motion for directed verdict was denied. The motion was made just after removal became possible. *Bolivar Sand,* at 171–72.

■ In this case, it appears that the defendant anticipated that the filing of the Motion to Reconsider just prior to the Petition to Remove would ensure that the Court would rehear arguments already made by the defendant in state court. In effect, defendant would be using its right to remove as an appeal device to get a federal court to hear arguments rejected in state court. It is just this use of removal that was prohibited in *Kiddie Rides USA,* at 1480; and *Bolivar Sand,* at 173; *see also Chicago Title & Trust Co. v. Whitney Stores, Inc.*, 583 F.Supp. 575, 577 (N.D.Ill. 1984).

For these reasons, the Motion to Remand is GRANTED. IT IS ORDERED that this cause of action be remanded to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. A certified copy of this Order shall be mailed by the Clerk of this Court to the Clerk of the Circuit Court of Madison County, Illinois.

IT IS SO ORDERED.