**MHM SPONSORS CO.,**
**Plaintiff–Landlord,**

v.

**PERMANENT MISSION OF PAKISTAN TO the UNITED NATIONS, 160 East 38 Street, New York, New York—Apt. 30E, Respondent–Tenant**

**and**

**"John Doe," Respondent–Undertenant.**

**No. 87 Civ. 2075 (EW).**

United States District Court, S.D. New York.

Nov. 1, 1987.

Michael B. Doyle, P.C. (Michael B. Doyle, of counsel), Bronx, N.Y., for plaintiff-landlord.

Dunn & Zuckerman, P.C. (Richard S. Last, of counsel), New York City, for respondents.

## OPINION

EDWARD WEINFELD, District Judge.

Defendant moves to dismiss this action brought by plaintiff landlord to evict the alleged holdover tenant Mission of Pakistan from the apartment it has rented in New York City since 1976. The apartment is rented in the name of the Permanent Mission of Pakistan to the United Nations and has been occupied at various times by various counselors of the Pakistan Mission and their families, including Javid Husain, Noor Mohammed, and Musa Javed Chohan. Plaintiff contends that the last agreement for the rental of the apartment expired on December 31, 1983, that after that date plaintiff allowed defendant to stay in the apartment on a month-to-month basis until April 30, 1984, and that since April 1984 the Mission of Pakistan has continued to occupy the apartment unlawfully. Plaintiff originally filed suit in New York Civil Court, where the Justice dismissed the action and on reconsideration adhered to her decision.[1] Plaintiff then filed a motion to restore the case to the calendar. In March 1987, before the motion was decided, defendants removed the action to federal court and then moved to dismiss. For the reasons discussed below, defendants' motion is granted.

## THE DISMISSAL BELOW

■■■ The removal statute, 28 U.S.C. § 1441, provides that any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed. Fundamental to the right of removal is the requirement that there be a case to remove.[2] The state court dismissed this action and has not restored it to the calendar. For this court to decide plaintiff's motion to restore would in essence be to grant an appeal of the state court decision. This the court cannot do.[3]

---

1. *See MHM Sponsors Co. v. Permanent Mission of Pakistan to the United Nations,* No. 59758/84, slip op. (N.Y.Civ.Ct. Dec. 21, 1984); *MHM Sponsors Co.,* No. L & T 59758/84, slip op. (N.Y. Civ.Ct. Feb. 28, 1985).

2. *See Ristuccia v. Adams,* 406 F.2d 1257 (9th Cir.1969), *cert. denied,* 396 U.S. 1, 90 S.Ct. 24, 24 L.Ed.2d 3.

3. *See id.; In re 73rd Precinct Station House,* 329 F.Supp. 1175 (E.D.N.Y.1971); *cf. Robert E. Diehl, Inc. v. Morrison,* 590 F.Supp. 1190 (M.D. Pa.1984) (default judgment does not bar remov-

## SUBJECT MATTER JURISDICTION

■ Even if there were a properly removed action before this court, the court would not have subject matter jurisdiction. New York law provides, "Where the complaint demands judgment for the immediate possession of the property, if the property is actually occupied, the occupant shall be made a defendant in the action."[4] Thus, to maintain the action, it was necessary for plaintiff to properly join both the tenant Mission of Pakistan and the actual occupant of the apartment. In the event that either party was not joined properly, the action must be dismissed.

The occupants of the apartment have been various counselors to the Pakistan Mission. Federal law provides that "district courts shall have original jurisdiction, exclusive of the States, of all civil actions and proceedings against ... members of a mission or members of their families (as such terms are defined in section 2 of the Diplomatic Relations Act)."[5] Section 2 of the Diplomatic Relations Act states that "the term 'members of a mission' means ... the members of a mission who are members of the diplomatic staff or who, pursuant to law, are granted equivalent privileges and immunities."[6] The occupants of the apartment have been granted diplomatic recognition by the United States Department of State, thus, they are "members of the mission" within the meaning of 28 U.S.C. § 1351. Accordingly, under 28 U.S.C. § 1351, jurisdiction over the occupants of the apartment lies only in the district court and not in the state court from which this action was removed.[7]

■ Prior to 1986, removal jurisdiction was considered to be derivative. Federal courts could only acquire such jurisdiction over a case upon removal as the state court had before removal; if the state court had no jurisdiction, the federal court acquired no jurisdiction, even though the federal court would have had jurisdiction if the action had been brought there originally.[8] Although Congress has subsequently amended the removal statute to allow federal courts to hear removed cases over which they have jurisdiction regardless of whether the state court had jurisdiction, the amendment only applies to civil actions commenced in state courts after the amendment's enactment in 1986.[9] Because this action was originally filed in state court in 1984, this court's jurisdiction is derivative from the state court; since there was no jurisdiction before removal, this court lacks subject matter jurisdiction, even though jurisdiction would be proper in this court if the action had been originally brought here. Defendant's motion to dismiss accordingly must be granted for lack of subject matter jurisdiction.

So ordered.

---

al where defendant claims he was not properly served, court never reached merits of case, and defendant timely petitioned for removal following actual receipt of complaint).

**4.** N.Y. Real Prop. Acts. Law § 631 (McKinney 1979).

**5.** 28 U.S.C. § 1351.

**6.** 22 U.S.C § 254a.

**7.** See *Lacks v. Fahmi*, 623 F.2d 254, 256 (2d Cir.1980).

**8.** See *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922).

**9.** Judicial Improvements Act of 1985, Pub.L. No. 99–336, § 3, 100 Stat. 633, 637 (1986) (codified at 28 U.S.C. § 1441(e)).