849 F.2d 770
 FOUR KEYS LEASING & MAINTENANCE CORP., Petitioner-Landlord-Appellee,
v.
Theoclis SIMITHIS, Respondent-Tenant-Appellant,
"John Doe", Respondent-Undertenant.
 No. 1004, Docket 87-9078.
 United States Court of Appeals,
Second Circuit.
 Argued May 6, 1988.
Decided June 16, 1988.
 
 Ralph J. Schwarz, Jr., New York City (Nina Taylor, New York City, of counsel), for petitioner-landlord-appellee.
 Fred L. Wallace, New York City (Jeff L. Greenup, New York City, of counsel), for respondent-tenant-appellant.
 Before LUMBARD, OAKES and KEARSE, Circuit Judges.
 LUMBARD, Circuit Judge:
 
 
 1
 Theoclis Simithis appeals from a December 18, 1987 order of Judge Duffy of the Southern District which remanded his case to the New York City Civil Court and ordered him to forfeit his $500 undertaking on removal, and, pursuant to Rule 11 of the Fed.R.Civ.Proc., directed Simithis's attorney to pay $2,500 in legal fees and assessed an additional $2,500 fine against the attorney to be paid to the court. Finding that there is no colorable legal argument supporting either Simithis's removal of the action from the state court to the district court or supporting his appeal to this court, we affirm the order of the district court and impose additional Rule 11 sanctions for bringing this appeal.
 
 I.
 
 2
 In 1985, Four Keys Leasing & Maintenance Corp., a New York partnership, commenced a holdover dispossess proceeding against Simithis and his undertenants in New York County Civil Court. The purpose of the action was to evict Simithis and his undertenants from the ground floor of 691 Eighth Avenue, a building owned by Four Keys, on the basis that the 1983 lease to Simithis by Four Keys's predecessor in interest in 691 Eighth Avenue had been voided by the sale of the building to Four Keys. Simithis and his undertenants run a business called Paradise Alley at 691 Eighth Avenue. Paradise Alley is an "adult entertainment center," featuring peep shows and adult video booths.
 
 
 3
 In 1986, following a trial, the Civil Court awarded Four Keys a final judgment of possession. In March 1987, the judgment was affirmed by the Appellate Term. The Appellate Division denied Simithis's motion for leave to appeal on June 4, 1987.
 
 
 4
 On November 6, 1987, Simithis filed a removal petition in the Southern District. The petition alleged three bases for federal jurisdiction: diversity, a federal question, and a claim under 28 U.S.C. Sec. 1443. The removal petition's primary allegations were fraud in the 1985 sale of the land and building; fraud in the original Civil Court proceedings because of improper captioning of the case; collusion between the New York City Office of Midtown Enforcement (OME) and Four Keys's primary owner, Richard Basciano, to further Basciano's "monopoly" of the adult entertainment industry; and equal rights violations due to the disparate impact on minority youths of OME's enforcement actions against the Simithis adult entertainment center. The petition sought to have the district court declare his rights, dismiss the action and vacate the final judgment of the Civil Court, and accord Simithis such relief as would appear necessary to "assure him the due and equal process of the law." The petition was signed by one of Simithis's two attorneys, Jeff L. Greenup. Simithis's other attorney, both in the district court and in this court, is Fred L. Wallace.
 
 
 5
 On December 3, 1987, twenty-six days after filing the removal petition and one day before the eviction pursuant to the Civil Court judgment was to occur, Simithis notified Four Keys of the November 6 removal. As a consequence of the stay of state court proceedings imposed by the removal petition, the eviction was canceled. On December 8, Four Keys filed an order to show cause asking why the case should not be remanded to the Civil Court and why the removal petition was not a "baseless fraud." The order to show cause was supported by an affidavit by Four Keys's attorney, Ralph J. Schwarz, Jr.
 
 
 6
 Both parties appeared before the district court on December 14, 1987. Judge Duffy first confirmed with Simithis's attorney Greenup that the removal petition did not mention that there was, at that time, a pending case in the Southern District before Judge Daronco (Simithis v. Barsch, 87 Civ. 6480). Next Judge Duffy sought to determine whether Simithis had filed his removal petition within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. Sec. 1446(b). Simithis's attorney Greenup never satisfactorily answered this question and instead argued that Simithis was being deprived of his property unjustly as a result of an allegedly wrongful racial motive held by New York City to act against his predominantly black and hispanic clientele. Judge Duffy then sought to determine whether the civil rights claim had ever been raised in the state court proceedings; Simithis's attorney Greenup replied that it had never been raised in the state court landlord-tenant case which was the subject of the removal petition. Judge Duffy also confirmed with both of Simithis's attorneys that the state court was never notified of the removal petition, that no civil rights claim was ever raised in the state court proceedings, and that Simithis had unsuccessfully appealed the final judgment of the Civil Court to the Appellate Division.
 
 
 7
 Judge Duffy concluded that the judgment of the Civil Court and its affirmance by the Appellate Term constituted a final judgment in the state court which rendered the case not removable. The court dismissed the removal petition and remanded the case to the New York County Civil Court. The court also ordered that the $500 bond that Simithis had posted when he filed his petition was forfeited and imposed sanctions under Rule 11 on Greenup (Simithis's attorney who signed the petition) for filing "what is clearly a frivolous action." Greenup was ordered to pay $2,500 to Four Keys's counsel for attorney's fees and a $2,500 fine to the court.
 
 II.
 
 8
 We agree with the district court that the state court proceedings constituted a final judgment and that Simithis never raised his due process and equal protection claims in the state courts. As a consequence, we agree that it should have been patently obvious to any attorney who had familiarized himself with the law governing removal of actions to the federal courts that this was a frivolous action.
 
 
 9
 Simithis's removal petition alleged grounds for removal based on diversity. Simithis is a citizen of New York and he filed the removal petition in the Southern District. Title 28 U.S.C. Sec. 1441 provides for removal in civil actions involving original jurisdiction founded on a diversity action "if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." As the district court found, under 28 U.S.C. Sec. 1441(b), Simithis's New York citizenship barred him from invoking diversity jurisdiction to remove this case to the Southern District.
 
 
 10
 As to Simithis's claim that the removal could be premised on the district court's federal question jurisdiction, we also agree with Judge Duffy's decision to dismiss the petition. In determining whether a petition establishes the existence of a federal question, removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint. See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983); Travelers Indemnity Company v. Sarkisian, 794 F.2d 754, 758 (2d Cir.), cert. denied, 107 S.Ct. 277 (1986). Allegations made for the first time in a removal petition thus cannot support the removal of a case on federal question grounds. As Judge Duffy found, and as Simithis's counsel conceded at oral argument, no civil rights violations were alleged nor were any equal protection claims made in Simithis's complaint in the state court. As a consequence, there was no federal question upon which removal could be premised.
 
 
 11
 Simithis's invocation of Sec. 1443 as a basis for removal has no greater merit. Section 1443(1) permits removal of an action brought "[a]gainst any person who is denied or cannot enforce in the [state] courts ... any law providing for the equal civil rights of citizens of the United States...." This section permits removal by a defendant whose petition recites facts that would be sufficient, if true, to permit the federal court to infer that in the state proceeding the defendant will be denied specific equal civil rights. Such a recitation might consist of "reference to a [state] law of general application [indicating] that the defendant will be denied or cannot enforce the specified federal rights in state courts," Georgia v. Rachel, 384 U.S. 780, 800 (1966); or of citation to some "formal expression of [such a] state law," id. at 803; or, where there is a statutory protection against suit, of citation to a law showing that the mere pendency of the action will deny the defendant his equal civil rights, id. at 805.
 
 
 12
 Simithis's petition was entirely conclusory, barely mentioning "equal protection," and stating merely that the "matter in controversy ... involves enforcement of equal civil rights"; it made no reference to any law that suggested in any way that his civil rights were denied or could not be enforced in state court. In fact, Judge Duffy found, and Simithis's counsel conceded at oral argument, that no civil rights violations were alleged nor were any equal protection claims made in Simithis's submissions in the state court action. The mere reference to those rights in Simithis's removal petition was woefully inadequate to support removal on the basis of Sec. 1443.
 
 
 13
 In addition, the claim that Simithis sought to remove had come to a final judgment in the Civil Court which was affirmed by the Appellate Division. We agree with Judge Duffy, that it would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation. If a claim that is time-barred under state law cannot have life breathed into it by being removed to federal court, see Witherow v. Firestone Tire & Rubber Co., 530 F.2d 160 (3d Cir.1976), certainly a claim that has been reduced to a final judgment in the state court cannot be made subject to relitigation through removal.
 
 
 14
 We also reject Simithis's claim that the sanctions imposed on his attorney for filing his removal petition were improper. The removal petition was plainly frivolous. There was no basis for diversity, the state court action had been reduced to a final judgment, and Simithis was impermissibly trying to raise a federal question in his petition which he had never alleged in the state court proceedings.
 
 
 15
 Rule 11 of the Fed.R.Civ.Proc. provides in pertinent part:
 
 
 16
 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
 
 
 17
 We have found that Rule 11 imposes new duties on attorneys.
 
 
 18
 No longer is it enough for an attorney to claim that he acted in good faith, or that he personally was unaware of the groundless nature of an argument or claim ... [t]he language of ... Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed.
 
 
 19
 Eastway Construction Corp. v. City of New York, 762 F.2d 243, 252 (2d Cir.1985).
 
 
 20
 We can see no reason whatever for Simithis's attempted removal of the state court action other than to delay the final state court decision finding that he was no longer entitled to possession of the storefront at 691 Eighth Avenue. A competent attorney, after reasonable inquiry into the applicable law and the facts and procedural history of this case would have known that there was no justification whatever for removal of this action. In short, this removal petition could not have been filed in good faith.
 
 
 21
 This appeal represented yet another frivolous action and, under Rule 11, we direct attorney Greenup, who signed Simithis's notice of appeal, to pay appellee's attorney an additional $2,500 in fees for this appeal. In light of Judge Duffy's stern warning about the frivolity of this removal petition and his imposition of sanctions, and, above all, the clear state of the law of removal as it applies to actions such as this, we believe that Greenup brought this appeal even though there is no colorable legal argument to support it.
 
 
 22
 We affirm the order of the district court and impose additional sanctions of $2,500 on appellant's attorney for bringing this appeal.