**FEDERAL SAVINGS & LOAN INSURANCE CORPORATION, As Receiver for Arsenal Savings Association, F.A., Petitioner for Removal,**

v.

**G.C. TEMPLETON, Jr., Mary Pat Templeton, and G.C. Templeton, Sr., Respondents.**

**No. IP 88–1249–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

Dec. 7, 1988.

Nunc Pro Tunc Nov. 15, 1988.

David K. Herzog, Thomas G. Stayton, Indianapolis, Ind., for petitioner for removal.

Tony H. Abbott, Indianapolis, Ind., Paul Kruse, Lebanon, Ind., for respondents.

ENTRY

DILLIN, District Judge.

This cause came before the Court on a motion by respondents, G.C. Templeton, Jr., Mary Pat Templeton, and G.C. Templeton, Sr., ("Templetons") to remand it to the Court of Appeals of Indiana, First District. The parties submitted briefs, and a hearing was held on the motion on November 15, 1988. At the conclusion of the hearing the Court granted the Templetons' motion to remand, and now files this entry *nunc pro tunc* in support of such ruling.

*Background*

The case originated in November 1981, when the Templetons filed suit against Arsenal Savings Association ("Arsenal") in the Marion Superior Court, Marion County, Indiana, basically alleging that Arsenal had collected far more than it was due on a 1974 mortgage loan. Venue was changed to the Boone Superior Court. After an eight-day jury trial in 1986, the Boone Superior Court entered final judgment against Arsenal in the amount of $357,-181.00. Execution of the judgment was stayed pending appeal.

Arsenal perfected its appeal to the Court of Appeals of Indiana, First District. The case was briefed and oral arguments were held in the Court of Appeals. On September 23, 1988, the Federal Savings & Loan Insurance Corporation ("FSLIC") was appointed receiver for Arsenal. Just prior to the Indiana Court of Appeals issuing its decision, FSLIC, invoking 12 U.S.C. § 1730(k)(1), a special federal removal stat-

ute, petitioned to remove the case from the Indiana Court of Appeals to this federal district court. Templetons have moved to remand the case to the Court of Appeals of Indiana.

### Discussion

FSLIC contends that pursuant to 12 U.S.C. § 1730(k)(1), it has an absolute right to remove this case to this court. This statute provides in pertinent part:

(B) [A]ny civil action, suit, or proceeding to which the [Federal Savings & Loan Insurance] Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect[.]

12 U.S.C. § 1730(k)(1)(B), (C).

FSLIC argues the statute permits it to remove any case to which it is a party or successor in interest to a party, constrained only by the procedures of the general federal removal statutes, 28 U.S.C. § 1441 *et seq.*, and regardless of the posture of the case in the state court system. FSLIC cites in support *Vernon Savings & Loan Association, FSA v. Commerce Savings & Loan Association,* 677 F.Supp. 495 (N.D. Tex.1988), and *FDIC v. Ritchie,* 646 F.Supp. 1581 (D.Neb.1986), cases in which federal district courts upheld removal by the FSLIC or the FDIC of cases from the Texas Court of Appeals and the Nebraska Supreme Court, respectively. However, *Vernon* and *Ritchie* are not binding precedent on this Court.

Moreover, this Court finds that the federal district courts in those cases did not give adequate consideration to the values of federalism and comity, as embodied in the Full Faith and Credit Act, 28 U.S.C. § 1738. According to the Supreme Court, "Under the Full Faith and Credit Act a federal court must give the same preclusive effect to a state court judgment as another court of that state would give." *Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 523, 106 S.Ct. 768, 771–72, 88 L.Ed.2d 877, 883 (1986). The Court emphatically declared that federal courts may not " 'employ their own rules of res judicata in determining the effect of state court judgments' " and explained that the Full Faith and Credit Act " 'goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken,' " *id.* (quoting *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982)), directing an analytical approach contrary to that of the court in *Ritchie.* This Court does not believe that in enacting the special FSLIC removal statute, 12 U.S.C. § 1730(k)(1), Congress impliedly repealed the Full Faith and Credit Act.

In this case, there is a final state court judgment rendered on the merits after an eight-day jury trial, against a party (Arsenal) with which the FSLIC is now in privity. According to the Indiana law of res judicata, see *Chemco Transport, Inc. v. Conn,* 506 N.E.2d 1111, 1113 (Ind.Ct. App.1987), this judgment would clearly be res judicata in this court and this Court would be barred from interfering with that judgment even if the case were removed here.

The FSLIC additionally argues that removal is proper because Congress intended to vest exclusive jurisdiction of claims involving a failed thrift in the FSLIC and Federal Home Loan Bank Board as evidenced by Congress granting the FSLIC broader removal powers in 12 U.S.C. § 1730(k)(1) than in the general federal removal statute, 28 U.S.C. § 1441. However, the Court notes that with respect to the state courts from which an action may be removed, the language of the two removal statutes is identical. Section 1730(k)(1) of 12 U.S.C. provides for removal "from a State court," while 28 U.S.C. § 1441(a) provides for removal of "any civil action brought in a State court." Thus, Congress could not have intended in 12 U.S.C. § 1730(k)(1) to broaden the range of state courts from which cases could be removed.

The Court finds instead that Congress enacted the special removal statute not to enable the FSLIC to snatch a case out of a state appellate court, but to permit removal whether the FSLIC was a plaintiff or defendant, unlike the general removal statute, which permits removal only by defendants. *See In re Franklin National Bank Securities Litigation,* 532 F.2d 842, 845–46 (2d Cir.1976) (construing analogous FDIC removal statute). Contrary to the FSLIC's argument, this is the main way in which 12 U.S.C. § 1730(k)(1) broadens the FSLIC's removal power beyond that in the general removal statute.

This Court does not believe that Congress, in its wildest imagination, foresaw or intended that 12 U.S.C. § 1730(k)(1) would be used to require a federal district court to ignore principles of comity and federalism, as well as the doctrine of res judicata, and interfere with the orderly proceedings of a state appellate court just because the FSLIC became the receiver of a party to a state court case on the eve of a state appellate court decision. Accordingly, the Templetons' motion to remand is granted, and this case is hereby remanded to the Court of Appeals of Indiana, First District.