Robert **PHILPOTT** and Dreama Philpott, his wife, Plaintiffs,

v.

**RESOLUTION TRUST CORPORATION,** solely as successor to the Federal Savings and Loan Insurance Corporation as conservator of Skokie Federal Savings and Loan Association, F.A., conservatorship, Defendant.

No. 89 C 7580.

United States District Court, N.D. Illinois, E.D.

Jan. 2, 1990.

On Motion for Reconsideration June 8, 1990.

Raymond D. DeMartini, Gantar & DeMartini, Antioch, Ill., for plaintiffs.

Wm. Carlise Herbert, Katherine Millett, E. Glenn Rippie, James J. Brennan, Hopkins & Sutter, Chicago, Ill., for defendant.

## MEMORANDUM OPINION
## AND ORDER

HART, District Judge.

On June 2, 1989, plaintiffs Robert and Dreama Philpott brought suit against Sko-Fed Credit a/k/a Skokie Federal Savings. The suit was filed in the Circuit Court of the Nineteenth Judicial District, Lake County, Illinois. Plaintiffs alleged that the interest charged on their mortgage violated Ill.Rev.Stat. ch. 17, ¶ 6410, and that the prepayment penalty provisions of their mortgage violated ¶ 6404. On March 15, 1989, Skokie Federal had been placed into conservatorship with the FSLIC as conservator. On July 19, 1989, the FSLIC was also appointed as receiver and transferred Skokie Federal's assets into a newly formed successor institution with the same name. On August 9, 1989, Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("Act"), Pub.Law 101–73, 103 Stat. 183, which created the Resolution Trust Corporation. Resolution Trust automatically succeeded the FSLIC as conservator and receiver. Act § 501(b)(6), 12 U.S.C. § 1441a(b)(6). *See also* Act § 401(f)(2).

Before passage of the Act, Skokie Federal moved to dismiss and stay the action against it. The four-paragraph motion to dismiss simply stated that dismissal was sought pursuant to ¶ 2–615 of the Illinois Code of Civil Procedure for failure to allege facts supporting the claimed violation of ¶ 6410 and pursuant to ¶ 2–619 because Skokie Federal was insolvent. The motion to stay was based on a pending petition for leave to appeal in a case concerning ¶ 6404. The motion was initially heard on July 11, 1989 and continued to August 29, 1989. On August 29, the state court entered the following order: "It is hereby ordered that the Motion to Dismiss of Defendant Sko-Fed Credit, pursuant to Section 2–615 of the Illinois Code of Civil Procedure, is *granted.*" Before this court, defendant has represented that this order dismissed the case. The order itself does not expressly state the case is dismissed and no record of docket entries was provided to show this was treated as a closing order. *See* Illinois Supreme Court Rule 272. Also, no record of the August 29 hearing is provided, but the written motion only requested that the ¶ 6410 claim be dismissed pursuant to Rule 2–615, not the ¶ 6404 claim as well. Plaintiffs subsequently moved to vacate the August 29 order. The motion was noticed to be heard on October 10, but the record filed with this court does not indicate when the motion was filed. It was apparently filed prior to October 6, which was the date defendant filed its removal petition. In its entirety, the motion reads as follows:

Now come the Plaintiffs, ROBERT PHILPOTT and DREAMA K. PHILPOTT, his wife, by and through their attorneys, GANTOR, DeMARTINI & WALDECK, LTD., and moves to vacate the Order of August 29, 1989, or in the alternative, allow Plaintiffs to replead their Complaint, and in support thereof, states as follows:

1. That the Defendant filed a Notice to Dismiss in the above captioned matter based on a 2–615 Motion, the Complaint did not state a cause of action.

2. The Court granted said Motion and entered an Order of August 29, 1989, not allowing Plaintiffs time to replead.

3. That Defendant moved under Section 2–619 to dismiss on the fact that Skokie was an insolvent institution.

4. That Plaintiffs state that the Order entered on August 29, 1989 fails to state whether the Motion to Dismiss was granted based on Section 2–619 Motion

and Plaintiffs request that a rehearing be held on the merits of that Motion.

WHEREFORE, Plaintiffs pray that this Court vacate the Order entered on August 29, 1989, or in the alternative, allow Plaintiffs time to replead their Complaint; and Grant Plaintiffs a rehearing on the merits on the Section 2–619 Motion.

If the August 29 order was a final judgment and plaintiffs' motion was filed subsequent to September 28, 1989, then the motion to vacate was one pursuant to Rule 2–1401. Otherwise, it was pursuant to Rule 2–1301(e). *See Lurie Co. v. Teichner,* 63 Ill.App.3d 950, 20 Ill.Dec. 750, 751, 380 N.E.2d 959, 960 (1978); *International Industrial Leasing, Ltd. v. H.J. Coleman & Co.,* 66 Ill.App.3d 884, 23 Ill.Dec. 365, 369, 384 N.E.2d 1, 5 (1977).

On October 6, 1989, defendant filed its notice of removal, purportedly pursuant to § 501(*l*) of the Act, 12 U.S.C. § 1441a(*l*). A status hearing was held on December 7 at which defendant represented that the case had been closed in state court, but that defendant removed the case because of possible reconsideration. The court questioned whether a closed case could be removed, but set a date for defendant's answer to the motion to vacate and a date for plaintiffs' reply. Defendant was also to address the question of removal of a closed case. Defendant did not address that question and its brief also gives no explanation of the state court's ground for granting the Rule 2–615 motion. Plaintiffs did not file a reply.

Before turning to the merits of the motion to vacate, it must be determined whether this court has jurisdiction over this case. Section 501(*l*) of the Act provides as follows:

(1) POWER TO REMOVE; JURISDICTION.—

(1) IN GENERAL.—Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit, or proceeding.

(2) CORPORATION AS PARTY.—The Corporation shall be substituted as a party in any civil action, suit, or proceeding to which its predecessor in interest was a party with respect to institutions which are subject to the management agreement dated February 7, 1989, among the Federal Savings and Loan Insurance Corporation, the Federal Home Loan Bank Board and the Federal Deposit Insurance Corporation.

(3) REMOVAL AND REMAND.—The Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit, or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located. The removal of any action, suit, or proceeding shall be instituted—

(A) not later than 90 days after the date the Corporation is substituted as a party, or

(B) not later than 30 days after the date suit is filed against the Corporation, if such suit is filed after the date of enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989.

The Corporation may appeal any order of remand entered by a United States district court.

12 U.S.C. § 1441a(*l*). Defendant contends its removal was timely pursuant to § 501(*l*)(3)(A) because its notice of removal was filed within 90 days of its substitution into the case.

Ambiguities in § 501(*l*)(3) make it unclear as to whether it applies to the present situation. But even if it doesn't, § 501(*l*)(1) makes this a case that could have been brought in federal court and therefore removal could have been done pursuant to 28 U.S.C. § 1441 *et seq.* That removal would have been untimely under

28 U.S.C. § 1446(b) would not matter since plaintiffs raised no untimeliness objection within 30 days of removal. *See* 28 U.S.C. § 1447(c). Still, if removal was pursuant to § 501(*l*)(3), it may be that removal to the District Court of the District of Columbia would have been the proper venue, not this district. *See FSLIC v. Westgate Partners, Ltd.,* 726 F.Supp. 807 (D.Colo. Dec. 12, 1989). Since it is otherwise found that this court lacks jurisdiction for removal, it is unnecessary to resolve if removal was to the wrong district.

In a recent case, the Seventh Circuit considered whether a defendant can waive the right to remove a case by action taken in the state court. *See Rothner v. City of Chicago,* 879 F.2d 1402 (7th Cir.1989). In that case, the Seventh Circuit quoted *Moore's,* which states the right to remove "is not lost by action in the state court short of proceeding to an adjudication on the merits." *Rothner,* 879 F.2d at 1415 (quoting 1A *Moore's Federal Practice* ¶ 0.157[9] at 153 (2d ed. 1987)). In *dictum,* the Seventh Circuit added, "That is not to say, however, that district courts are without power to remand in extreme situations. One can imagine a case in which the suit is fully tried before the statutory period has elapsed and the defendant then files a petition for removal."

There is no jurisdiction to remove a case if no case or controversy exists. *Maine Association of Interdependent Neighborhoods, Inc. v. Petit,* 700 F.Supp. 75, 77 (D.Me.1986). A number of cases hold that removal is not possible where the case has reached final judgment in the state court. *See Four Keys Leasing & Maintenance Corp. v. Simithis,* 849 F.2d 770, 774 (2d Cir.1988); *Ristuccia v. Adams,* 406 F.2d 1257, 1258 (9th Cir.) (per curiam), *cert. denied,* 396 U.S. 1, 90 S.Ct. 24, 24 L.Ed.2d 3 (1969); *MHM Sponsors Co. v. Permanent Mission of Pakistan,* 672 F.Supp. 752, 753 (S.D.N.Y.1987); *FSLIC v. Templeton,* 700 F.Supp. 456, 457–58 (S.D. Ind.1988). *Simithis* and *Ristuccia,* however, were cases in which the highest courts of the state had already denied review. In *MHM,* the state court had dis-missed the case, denied reconsideration, and removed the case from its calendar. A motion to restore the case to the calendar was pending at the time of removal. In *Templeton,* the FSLIC became a party after oral arguments in the state appellate court and the federal district court held a case on appeal from a final judgment could not be removed. In *FDIC v. Klayer,* 519 F.Supp. 889, 890–91 (E.D.Ky.1981), removal of a counterclaim-crossclaim was denied for lack of a pending case because the state court had not yet permitted filing of the proposed counterclaim-crossclaim. Other courts have denied removal where motions for reconsideration were pending on the ground that removal should not be used as a means to appeal a state court decision to federal court. *See Handlon v. Allis–Chalmers Coal Gas Corp.,* 666 F.Supp. 153, 154 (S.D.Ill.1987); *Kiddie Rides USA, Inc. v. Elektro–Mobiltechnik GmbH,* 579 F.Supp. 1476, 1479–80 (C.D.Ill.1984); *Bolivar Sand Co. v. Allied Equipment, Inc.,* 631 F.Supp. 171, 172–73 (W.D.Tenn.1986); *In re 73rd Precinct Station House,* 329 F.Supp. 1175, 1178 (E.D.N.Y.1971). However, since those cases rely on the right to remove being waived, their vitality in the Seventh Circuit is doubtful in light of *Rothner's* rejection of waiver.

A number of cases have held that cases can be removed after the entry of a default judgment and that the federal court can then consider whether to vacate the default. *See Butner v. Neustadter,* 324 F.2d 783, 785 (9th Cir.1963); *Munsey v. Testworth Laboratories,* 227 F.2d 902 (6th Cir. 1955) (per curiam); *Robert E. Diehl, Inc. v. Morrison,* 590 F.Supp. 1190, 1192 (M.D.Pa. 1984); *Kizer v. Sherwood,* 311 F.Supp. 809, 811 (M.D.Pa.1970). *See also Murray v. Ford Motor Co.,* 770 F.2d 461, 463 (5th Cir.1985). Only one case has been found that permitted removal after final judgment where the judgment was not one by default. In *In re Savers Federal Savings & Loan Association,* 872 F.2d 963 (11th Cir.1989), the FSLIC was appointed conservator of a bank after the entry of judgment in a state court suit. The FSLIC timely removed the case within thirty days and before the time for filing a state court

appeal had expired. The FSLIC then filed a notice of appeal to the Eleventh Circuit. The Eleventh Circuit held that it had jurisdiction over the appeal. *Id.* at 965–66.

In light of the *dictum* in *Rothner* and the Seventh Circuit's generally narrow interpretation of federal jurisdiction, it is believed the Seventh Circuit would follow those courts that hold there is generally no jurisdiction to remove closed cases. Such a position is consistent with both the requirement of a case or controversy and principles of comity. *See Templeton,* 700 F.Supp. at 458. The present case appears to be most like *MHM, supra.* The motion to vacate filed in state court appears to have been filed more than 30 days after the entry of judgment. Therefore, the time for filing a Rule 2–1301(e) motion (the equivalent of Fed.R.Civ.P. 59(e)) had expired as has the time for appeal. The motion to vacate could still be brought under Rule 2–1401 (the equivalent of Fed.R.Civ.P. 60(b)), but that is a motion brought in a closed case. Unless the state court grants that motion, there is no pending case in state court. Therefore, there was no case or controversy to remove and this court lacks subject matter jurisdiction over the case.

The above discussion assumes that the order entered on August 29 was a final judgment. As previously mentioned, that is not clear from the record before the court. It is, however, what defendant has represented to this court to be true. The burden is on the parties to show this court has jurisdiction. It is assumed that the August 29 order was final and that this court lacks jurisdiction over the case. If it was not an order dismissing the entire case, then defendant can timely move for reconsideration of today's order remanding the case. Any motion for reconsideration would also have to address the question of whether removal was to the proper district.

IT IS THEREFORE ORDERED that this action is remanded to the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois. Two weeks after the entry of this order, the Clerk of the Court shall take the necessary steps to accomplish such transfer. Each party shall bear its own costs of removal.

*On Motion For Reconsideration*

## MEMORANDUM OPINION AND ORDER

This court previously ordered that this case be remanded to the Circuit Court, Nineteenth Judicial Circuit, Lake County, Illinois on the ground that no case or controversy existed at the time of removal. In the opinion supporting that order, it was indicated that the result might be different if it could be shown there was a live case or controversy in that there was no final judgment or that a timely motion pursuant to Rule 2–1301(e) of the Illinois Code of Civil Procedure had been filed. Remand of the case was delayed to allow time for the parties to supplement the record and seek reconsideration. Defendant filed a timely motion for reconsideration, but plaintiffs did not appear on the date of presentation. The motion, which did not supplement the record as to the state court proceedings, was denied without prejudice subject to being renoticed within 30 days if the parties believed a controversy continued to exist. Remand of the case continued to be stayed. Plaintiffs subsequently indicated they intended to pursue the reconsideration motion filed in state court. The court vacated the order of remand pending determination of defendant's reconsideration motion as to removal and, if necessary, consideration of plaintiffs' reconsideration motion regarding the merits.

Defendant argues that there was a final judgment[1] in state court and that plaintiffs did not timely seek reconsideration. Plaintiffs provide an affidavit of their attorney stating that their motion for reconsideration was mailed to defendants' counsel on September 25, 1989, a date within 30 days of the final judgment.[2] It is also stated

---

1. Neither party argues that the August 29, 1990 order of the state court was not a final judgment.

2. Under Illinois Supreme Court Rule 12(c), service by mail is not complete until four days after the mailing. The service, therefore, was not completed until September 29, 1989, 31 days

that the motion was filed with the court, but there is no statement as to what date it was filed with the court. No state court record showing a filing on September 25, 1989 was presented to this court. At a status hearing, counsel for plaintiffs had stated the motion was not filed within 30 days. Moreover, since the motion does not appear in the state record and since the copy provided by plaintiffs does not have a file stamp on it, it appears the written motion was never filed with the state court, though it may have been presented when plaintiffs' counsel appeared before the state court judge on October 10, 1990.

The record now before the court indicates no motion for reconsideration was filed in the state court. This makes it even more evident that no case or controversy existed at the time of removal since there was a final judgment and no timely motion for reconsideration nor appeal was taken. Neither party presents any adequate argument that a closed case can be removed. For the reasons stated in the January 2, 1990 order, this case must be remanded since there was no jurisdiction to remove the case from state court.[3]

■■■■ Defendant argues that the cases relied on in the January 2 order are distinguishable because this case was removed pursuant to 12 U.S.C. § 1441a(*l*)(3) which defendant contends has broader provisions than 28 U.S.C. § 1441. To the extent the rule applied in the January 2 order is based on the need for a case or controversy, that is a constitutionally mandated jurisdictional requirement that cannot be overridden by statute. To the extent the rule is one of prudential standing or comity that is not jurisdictional, an argument can be made. It is doubted, however, that the language of § 1441a(*l*)(3) should be read as being contrary to the cases cited. That need not

be decided, however, since this case was not removed pursuant to that statute.

Section 1441a(*l*) reads as follows:

(1) POWER TO REMOVE; JURISDICTION.—

(1) IN GENERAL.—Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit, or proceeding.

(2) CORPORATION AS PARTY.—The Corporation shall be substituted as a party in any civil action, suit, or proceeding to which its predecessor in interest was a party with respect to institutions which are subject to the management agreement dated February 7, 1989, among the Federal Savings and Loan Insurance Corporation, the Federal Home Loan Bank Board and the Federal Deposit Insurance Corporation.

(3) REMOVAL AND REMAND.—The Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit, or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located. The removal of any action, suit, or proceeding shall be instituted—

(A) not later than 90 days after the date the Corporation is substituted as a party, or

(B) not later than 30 days after the date suit is filed against the Corpora-

---

after the August 29, 1989 judgment. In any event, Illinois Civil Procedure Rule 2–1301(e), unlike Federal Rule of Civil Procedure 59(e), requires that the motion be "filed" within 30 days, not "served" within the specified time.

**3.** It is noted that subsequent to the January 2 order, two district courts have considered the question of removal of a case after judgment. One court indicates it is not permissible. *See*

*FDIC v. Sellards,* 731 F.Supp. 1300 (N.D.Tex. 1990). The other case follows Fifth Circuit law and holds such a case can be removed. *See Resolution Trust Corp. v. Key,* 733 F.Supp. 1086 (N.D.Tex.1990). In the January 2 order, this court chose not to follow the Fifth Circuit case-law. Moreover, the present case, unlike the Fifth Circuit cases, is a closed case in which the time for a reconsideration and appeal has run.

tion, if such suit is filed after the date of enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989.

The Corporation may appeal any order of remand entered by a United States district court.

The first sentence of subsection (3) refers to removal of "any such action." If "any such action" refers only to subsection (2), then it does not refer to the present case since there is no allegation Skokie Federal, which went into conservatorship on March 15, 1989, was subject to the February 7, 1989 management agreement referred to in subsection (2). If "any such action" refers to subsection (1) also, then it includes the present suit. Subsection (3) also applies to an "action, suit, or proceeding aris[ing] out of the actions of the [Resolution Trust] Corporation with respect to an institution for which a conservator or a receiver has been appointed." The present suit, however, arises from an action of the institution, not an action of Resolution Trust. Therefore removal under § 1441a($l$)(3) only applies if "any such action" refers to subsection ($l$)(1).[4]

Subsection ($l$)(1) confers federal jurisdiction on any suits involving Resolution Trust. This makes any case involving Resolution Trust removable to federal court pursuant to 28 U.S.C. § 1441.[5] Subsection ($l$)(2) refers only to actions in which the institution involved was subject to a certain management agreement dated February 7, 1989. There is no allegation that Skokie Federal is such an institution and it cannot be since it was not placed into conservatorship until after February 7, 1989.

Subsection ($l$)(3) refers to removal of "any such action" without specifying whether that means any such action referred to in subsection ($l$)(2) or also any such action referred to in subsection ($l$)(1). The provisions of subsection ($l$)(3), however, are consistent with reading it as ap-

plying to subsection ($l$)(2) only. Under subsection ($l$)(3), actions are removable only to the District Court for the District of Columbia unless the cause of action involves activity of Resolution Trust itself regarding an institution in conservatorship or receivership. If subsection ($l$)(3) applies to all actions involving Resolution Trust, then anyone who was involved in a state court suit with an institution that subsequently has Resolution Trust appointed as receiver would be forced to continue the suit in Washington, D.C. if the case is removed to federal court. It is unlikely that Congress would have had any such intention. However, if subsection ($l$)(3) only applies to institutions subject to the February 7, 1989 management agreement, then Congress would have had a reason for having all the cases removed to only one district. Since the present case does not involve an institution subject to the February 7, 1989 management agreement, this case was removed pursuant to 28 U.S.C. § 1441, not pursuant to 12 U.S.C. § 1441a($l$)(3). As previously discussed, removal was not proper under 28 U.S.C. § 1441.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to enter judgment remanding this case to the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois forthwith.

---

4. The legislative history does not clear up the ambiguity. *See generally* 1989 U.S.Code Cong. & Admin.News 86–506 (Sept. 1989 Advance Sheet). In particular, see H.R.Rep. No. 54(I), 101th Cong., 1st Sess. 362, *reprinted in id.* 86, 158.

5. As indicated in the January 2 order, the procedural requirements for § 1441 would have to be met. Although, the time requirements for such removal were not satisfied in this case, that would not be a reason for a remand since plaintiff raised no objection within 30 days.